In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 15-3667

JOHN W. DAWKINS,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent*.

_____

Motion for an Order Authorizing the District Court for the Northern District of Illinois, Eastern Division, to Entertain a Second or Successive Motion for Collateral Review—**John W. Darrah**, *Judge*.

_____

SUBMITTED DECEMBER 2, 2015— DECIDED JANUARY 7, 2016

_____

Before POSNER, FLAUM, and RIPPLE, *Circuit Judges*.

PER CURIAM. John Dawkins pleaded guilty to armed robbery of a bank and was sentenced, as a career offender, to serve 262 months in prison. He wants to attack his sentence in a suit under 28 U.S.C. §§ 2244(b) and 2255(h). He relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which holds that the residual clause of the Armed Career Criminal Act is unconstitutionally vague.

If *Johnson* applies to the identically worded residual clause in the career offender guideline (an issue currently before this court in *United States v. Rollins*, No. 13-1731, and the consolidated cases of *United States v. Hurlburt*, No. 14-3611 and *United States v. Gillespie*, No. 15-1686), Dawkins cannot show that his sentence violates *Johnson*. For the sentence was based not on the residual clause but on prior convictions for carjacking, an element of which is the use or threatened use of force, and on residential burglary, defined in U.S.S.G. § 4B1.2(a)(2) as a "crime of violence."

Dawkins argues that the sentencing judge's reliance on his prior conviction for burglary was invalid under *Descamps v. United States*, 133 S. Ct. 2276 (2013), which held that a divisible statute only one part of which is a forcible felony may not be used to support a sentencing enhancement unless a specified type of document (such as the order of conviction or the indictment) establishes that the defendant indeed committed the forcible offense. 720 ILCS 5/19-1. Residential burglary, however, which is committed when a defendant "knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another … with the intent to commit therein a felony or theft," 720 ILCS 5/19-3," satisfies the ruling in *Taylor v. United States*, 495 U.S. 575, 599 (1990), that "a person has been convicted of burglary *for purposes of a § 924(e) enhancement* if he is convicted of any crime … having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."

Dawkins argues that entering "without authority" is not the same as entering "unlawfully," and covers a broader spectrum of entries (for example, shoplifting, which is not a

form of burglary: see *People v. Miller*, 938 N.E.2d 498, 506–07 (Ill. 2010), distinguishing retail theft, 720 ILCS 5/16A-3, from burglary, 720 ILCS 5/19-1, and holding that a conviction for both arising from the same act does not violate the double jeopardy clause or Illinois's comparable bar on multiple punishments for the same offense).

Retail theft, which includes shoplifting, does not require proof of any type of entry, and certainly not an unauthorized entry. In fact, *People v. Miller*, *supra* at 507, relies on the fact that burglary requires entry without authority to enter to distinguish the two crimes. And Illinois courts, like federal courts, use terms like unlawfully, unauthorized, without consent, and without authority interchangeably: "Burglary requires a knowingly unlawful entry into a building with the intent to commit a theft therein." *People v. Heinz*, 946 N.E.2d 1087, 1093 (Ill. App. 2011); *People v. Bradford*, 21 N.E.3d 753, 759-60 (Ill. App. 2014) (using "unlawful" and "without authority" interchangeably); *United States v. Thornton*, 463 F.3d 693, 702 (7th Cir. 2006) (assuming that Illinois burglary, which requires an entry "without authority," meets the *Taylor* definition of "an unlawful or unprivileged entry"); see also *United States v. Ramirez-Flores*, 743 F.3d 816 (11th Cir. 2014) (equating an entry "without consent" to "an unlawful or unprivileged entry"); *United States v. Bonilla*, 687 F.3d 188, 192–93 (4th Cir. 2012) (equating an entry "without effective consent of the owner" to an "unlawful or unprivileged entry"); *United States v. Constantine*, 674 F.3d 985, 990 (8th Cir. 2012) (entering "without consent" meets the *Taylor* definition of burglary); *United States v. King*, 422 F.3d 1055, 1058 (10th Cir. 2005) (entering "without authority or permission" meets *Taylor* definition); *United States v. Tighe*, 266 F.3d 1187, 1196 (9th Cir. 2001) (likewise "unauthorized entry); *United States*

*v. Lujan*, 9 F.3d 890, 892–93 (10th Cir. 1993) (rejecting a distinction between "unauthorized entry" and "unlawful or unprivileged entry").

No particular level of force is required for a burglary to count as a predicate—in fact no force at all. Burglary is "commonly understood to include not only aggravated burglaries, but also run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force." *Taylor v. United States, supra*, 495 U.S. at 597; see also *United States v. Bonilla, supra*, 687 F.3d at 192 ("the [Supreme] Court declined to limit the term 'burglary' to a special subclass of burglaries, either those that would have been burglaries at common law, or those that involve especially dangerous conduct") (citing *Taylor v. United States*, *supra*, 495 U.S. at 598); *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006) (rejecting argument that, because burglaries "were not serious enough" and involved no risk of violence to "human beings" they were invalid predicates); *United States v. Martinez*, 122 F.3d 421, 424 (7th Cir. 1997) ("an unarmed generic burglary of an unoccupied, nonresidential structure, without the use or threat of force, qualifies as a violent felony under the Act"), citing *United States v. Gallman*, 907 F.2d 639, 644-45 (7th Cir. 1990).

Consider the following example: A thief picks the front-door lock of a house, enters, and steals property that he finds in the house. He does no damage to the lock. He "breaks" nothing. But obviously he is a burglar. He has used force to enter a house for an unlawful purpose, albeit without destroying anything. Suppose instead he breaks a small windowpane in the door, reaches in, and unlocks the door from the inside, then enters and steals. He is more of a burglar be-

cause he broke something? Is breakage a condition of bur-glary? Would the reader of this opinion feel more comforta-ble knowing that the burglar who stole the wallet on his dresser had picked the lock of his front door rather than forcing the door open by pushing on it? The important point is that the entry is unlawful, which is to say without authori-zation—the practical equivalent of the older term "breaking and entering."

There is no tension in this case between *Johnson* and *Descamps* because the sentencing court did not need to resort to the residual clause of the Armed Criminal Act in order to determine that Dawkins' prior conviction for burglary was a conviction for a crime of violence, for it was a conviction for "burglary" as defined by the Supreme Court in the *Taylor* decision.

And so we deny authorization and dismiss Dawkins' ap-plication.

RIPPLE, *Circuit Judge*. I sincerely regret that I cannot join my esteemed colleagues in their disposition of this motion. In my view, it raises an important question under the Su-preme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Descamps v. United States*, 133 S. Ct. 2276 (2013) that we ought to address more carefully than the time constraints statutorily imposed on our consideration of mo-tions under 28 U.S.C. § 2244(b)(3)(B) permit.

The district court imposed a career offender enhance-ment under the Guidelines on John Dawkins because of his prior state convictions for carjacking and "residential bur-glary." He now seeks to challenge that designation based on *Johnson*, which held that the residual clause of the Armed

Career Criminal Act ("ACCA") is unconstitutionally vague. 135 S. Ct. at 2557. Mr. Dawkins contends that, were it not for the identically worded residual clause found in the career-offender guideline, U.S.S.G. § 4B1.2(a), he could not have been sentenced as a career offender.

My colleagues believe that *Johnson* could not possibly have any impact on Mr. Dawkins's sentence "because his sentence did not rely on the residual clause." In their view, Mr. Dawkins's prior convictions constituted offenses that are listed under U.S.S.G. § 4B1.2(a)(1) and § 4B1.2(a)(2). That conclusion deserves more in-depth examination. Mr. Dawkins well may be able to show that, in determining his status as a career offender, the decisions of the sentencing court, as well as the reviewing courts, can only be justified by reliance on the residual clause. Because Mr. Dawkins has made a prima facie showing that his prior conviction of "residential burglary" was *not* a crime listed under U.S.S.G. § 4B1.2(a)(2), he can satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B)(ii) and should have the opportunity to present his claim to the district court.

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court adopted a "formal categorical approach" for determining when a defendant's prior conviction counts as one of the ACCA's enumerated predicate offenses. *Id.* at 600. This approach also applies to the career offender guidelines. *See, e.g., Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Woods*, 576 F.3d 400, 403–04 (7th Cir. 2009). Sentencing courts must only look at the elements of the statute of the defendant's prior convictions, and not "the particular facts underlying those convictions." *Taylor*, 495 U.S. at 600. If the statute in question has the same elements as the

"generic" crime, then the prior conviction qualifies as a "crime of violence" under the sentencing guidelines. *Brown v. Caraway*, 719 F.3d 583, 590 (7th Cir. 2013); *see also Taylor*, 495 U.S. at 599.[1] However, if the statute defines the crime more broadly than the generic offense, then the conviction will not qualify.

Therefore, to qualify as one of the listed offenses in § 4B1.2(a)(2), Mr. Dawkins's prior conviction of burglary must be under a statute that incorporates every element of "generic burglary." In particular, the statute must include the "element of breaking and entering or similar unlawful conduct." *Descamps*, 133 S. Ct. at 2292; *see also id.* at 2285–86 (holding that a conviction under California Penal Code 459 cannot serve as an ACCA predicate, because one need not prove that a defendant broke and entered). My colleagues believe that entering a building "without authority" satisfies this element under *Taylor*. However, the Justices in *Descamps* clarified that generic burglary "requires an unlawful entry *along the lines of* breaking and entering." *Id.* at 2285 (emphasis added).

In light of *Taylor* and *Descamps*, Mr. Dawkins's application presents two significant problems that should be examined by the district court in more detail. The first problem is specific to the record; it is unclear under which Illinois burglary statute Mr. Dawkins was convicted. In a reply memorandum, Mr. Dawkins's attorney suggests that Mr. Dawkins

---

[1] In unique situations where the statute has "alternative elements" that effectively create several crimes, then the sentencing court can look beyond the elements of the offense under a "modified categorical approach," and determine which elements formed the basis of the conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013).

could either have been convicted under the Illinois general burglary statute, 720 ILCS 5/19-1, or the Illinois residential burglary statute, 720 ILCS 5/19-3. The plea agreement and presentence report are similarly inconclusive, describing the conviction as a "residential burglary" but failing to list the statute of conviction. The district court should determine, after further fact finding, Mr. Dawkins's actual statute of conviction.

The second problem will require a hard look at Illinois law and an equally hard look at the implications of *Descamps* and *Johnson*. At the outset, it is important to note that *neither* of Illinois's burglary statutes require "breaking and entering." Instead, both statutes include the phrase "without authority."[2] The district court should, in the first instance, determine whether, in light of *Descamps,* the phrase "without

---

[2] In full, the Illinois burglary statute reads:

> A person commits burglary when without authority he or she knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4-102 of the Illinois Vehicle Code.

720 ICLS 5/19-1(a). The Illinois residential burglary statute reads:

> A person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19-1.

720 ILCS 5/19-3(a).

authority" is sufficiently similar to the "breaking and entering" element of generic burglary. *Descamps*, 133 S. Ct. at 2285–86. In deciding *Descamps,* the Justices quite firmly disapproved of predicating a career offender enhancement on a California statute that, like the Illinois statutes, did not include the generic common law elements of "breaking and entering." *Id.* In addition, the Illinois Supreme Court has declared that the statutory language "without authority" establishes that "a common-law breaking is no longer an essential element of the crime of burglary." *People v. Weaver*, 243 N.E.2d 245, 248 (1968); *see also Descamps*, 133 S. Ct. at 2291 ("We may reserve the question whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it.").

As my colleagues observe, we have previously held that the Illinois residential burglary statute contains the elements of generic burglary. *See, e.g.*, *United States v. Thorton*, 463 F.3d 693, 701 (7th Cir. 2006); *United States v. Hoults*, 240 F.3d 647, 651 (7th Cir. 2001); *United States v. King*, 62 F.3d 891, 896 (7th Cir. 1995). However, these earlier cases did not consider the "breaking and entering" element of generic burglary, and may require a reevaluation in light of *Descamps*. After *Descamps*, it is far from clear that entering a building "without authority" constitutes "an unlawful entry along the lines of breaking and entering." *Descamps*, 133 S. Ct. at 2285. It may well be that the amount of force required to constitute a "breaking and entering" under *Descamps* can be minimal, such as picking a lock or breaking a window, but, under *Descamps*, the element must be satisfied.

If Mr. Dawkins's burglary conviction does not fall within the definition of "generic burglary," then the sentencing court, and all reviewing courts, necessarily relied on the residual clause in the career-offender guideline when it adjusted Mr. Dawkins's sentence. But the advent of *Johnson* would preclude such reliance. We therefore should allow the district court to determine whether Mr. Dawkins's prior conviction actually constituted a listed offense under the guidelines, and, subsequently, whether Mr. Dawkins has a viable claim under *Johnson*.

Motions to file successive collateral proceedings in the wake of *Johnson* have created a briar patch for our motions practice. There are many unanswered questions to be decided. Up to now, while rejecting those motions where the underlying convictions clearly do not implicate the residual clause, we have demonstrated great caution by permitting those who present a plausible claim to file their actions in the district court to ensure that the matter is carefully examined. Today, the court deviates from that approach. Mr. Dawkins's application presents significant questions of fact and law and the stakes are high in terms of the human costs to Mr. Dawkins if, as he claims, he is unfairly branded as a career offender. Resolution of the tension between *Taylor* and *Descamps*, articulation in precise tenor of the amount of force required, and the continued vitality of our case law interpreting *Taylor* before the advent of *Descamps* are hardly the work of a motions panel entertaining a motion under 28 U.S.C. § 2244(b). I therefore would grant the motion and authorize the district court to consider Mr. Dawkins's proposed claim. I respectfully dissent.