In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-2683

JOHN W. DAWKINS,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent*.

On Motion for an Order Authorizing
the District Court to Entertain a Second or Successive
Motion for Collateral Review

SUBMITTED JUNE 24, 2016 — DECIDED JULY 15, 2016

Before WOOD, *Chief Judge*, and POSNER and HAMILTON, *Circuit Judges*.

PER CURIAM. John Dawkins has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Dawkins, who was sentenced as a career offender, wants to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career

Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. We assume for purposes of this opinion that *Johnson* also invalidates the similar residual clause in the career-offender guideline.

Dawkins was convicted of bank robbery, 18 U.S.C. § 2113(a), and using a firearm in furtherance of a crime of violence, *id.* § 924(c). He was sentenced as a career offender to 262 months' imprisonment. His classification as a career offender rests on Illinois convictions for aggravated vehicular hijacking, 720 ILCS 5/18-4 (1993), and residential burglary, 720 ILCS 5/19-3 (1985). He previously has been denied permission to file a successive § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Dawkins v. United States*, 809 F.3d 953 (7th Cir. 2016). In denying the previous application, we concluded that residential burglary in Illinois is equivalent to generic burglary of a dwelling, which is enumerated as a crime of violence in the sentencing guidelines. *See id.* at 956; U.S.S.G. § 4B1.2(a)(2).

Dawkins again asks permission to challenge his sentence under *Johnson*, but this time he also relies on the Supreme Court's recent decision in *Mathis v. United States*, No. 15-6092, 2016 WL 3434400 (U.S. June 23, 2016). In *Mathis*, the Supreme Court considered Iowa's burglary statute, which forbids entering "an occupied structure" without permission with the intent to commit a felony. IOWA CODE § 713.1. "Occupied structure" is defined by Iowa as "any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value." *Id.* § 702.12. The Supreme

Court first explained that the statute is broader than "generic burglary," which is enumerated as a violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). *See Mathis*, 2016 WL 3434400, at *5. The Court next considered how Iowa courts interpret this statute and determined that the different locations are not alternative elements creating separate crimes, but instead are simply alternative means of violating a single locational element. *See id.* at *5, 10. So, the Court concluded, the district court's reliance on a conviction for Iowa burglary cannot be saved by looking to charging papers and considering whether the defendant actually burglarized a building or dwelling; the statute is nondivisible and categorically *not* a violent felony. *See id.* at *4, 12.

Dawkins contends that Illinois's burglary statutes are similarly nondivisible and broader than generic burglary. He points out that the general burglary statute applies to entries into "a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof," 720 ILCS 5/19-1, and residential burglary can be committed by entering into a "house, apartment, mobile home, trailer, *or other living quarters*," *id.* 5/2-6(b) (emphasis added). But even if *Mathis* does make a district court's reliance on Illinois burglary suspect for purposes of the career-offender guideline or ACCA, which we do not decide now, Dawkins asks for permission to bring this claim as part of a larger claim under *Johnson*. He has already been denied permission to file a successive § 2255 motion based on *Johnson*, so this claim is barred by 28 U.S.C. § 2244(b)(1). *See Brannigan v. United States*, 249 F.3d 584, 586–89 (7th Cir. 2001); *Bennett v. United States*, 119 F.3d 470, 471–72 (7th Cir. 1997).

Dawkins argues in his reply that *Mathis* provides an independent basis for authorization. He cites *Alexander v. United*

*States*, 121 F.3d 312 (7th Cir. 1997), for the proposition that any intervening change in the law would allow a successive application. This proposition clearly is not true, and *Alexander* does not say otherwise; only new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization. *See* 28 U.S.C. §§ 2255(h)(2), 2244(b)(2)(A); *Alexander*, 121 F.3d at 314–15 (denying application because applicant did "not point to any new rule made retroactive by the Supreme Court and [did] not have new evidence showing his innocence"). *Mathis* did not announce such a rule; it is a case of statutory interpretation. An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241. *See Brown v. Caraway*, 719 F.3d 583, 594–96 (7th Cir. 2013); *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998). We note that any § 2241 petition would need to be filed in the district where the petitioner is in custody. *See* 28 U.S.C. § 2241(a); FED. R. APP. P. 22(a).

Accordingly, we **DENY** authorization and **DISMISS** Dawkins's application.