NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2016[*]
Decided December 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 16-1240

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Southern District of Illinois. |
| *v.* | |
| | No. 02-cr-40076-JPG |
| THURMAN E. McCLAIN, | |
| *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Thurman McClain was sentenced in 2003 to 192 months' imprisonment as an Armed Career Criminal, see 18 U.S.C. §§ 922(g)(1), 924(e). He completed that prison term in 2012 and commenced what initially was a 5-year term of supervised release, but twice he has been sent back to prison after violating conditions of his release. McClain presently is serving a 4-year term of reimprisonment imposed in 2013, which is

---

[*] We have unanimously agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

expected to end in May 2017. After that he again will be on supervised release for another 6 months.

McClain did not appeal after his conviction or after either revocation of supervised release. Neither has he ever filed a postconviction motion under 28 U.S.C. § 2255—at least not openly. But underlying this appeal is McClain's "motion to reduce sentence," ostensibly premised on 18 U.S.C. § 3583(e)(3) and (h). Those provisions regulate how long a defendant may be reimprisoned and further monitored after revocation of supervised release. See generally *United States v. Ford*, 798 F.3d 655, 661–63 (7th Cir. 2015); *United States v. Rogers*, 382 F.3d 648, 651–52 (7th Cir. 2004). McClain's motion, which he filed in 2015, argues that, by statute, the maximum term of reimprisonment after his second revocation was 18 months, not 4 years. The district court, reasoning that it did not have subject-matter jurisdiction to address the legality of a term of reimprisonment imposed nearly two years previously, dismissed McClain's motion. McClain has appealed that ruling.

The district court was mistaken in concluding that it lacked jurisdiction over McClain's motion. Section 3583 did not authorize that motion, but, as the government acknowledges here, McClain's motion argues that his 4-year term of reimprisonment exceeds the maximum allowed by law, and thus the court could have construed the submission as a motion under 28 U.S.C. § 2255 (after warning McClain about the consequences of doing so). See *Castro v. United States*, 540 U.S. 375, 383 (2003); *United States v. Hernandez*, 436 F.3d 851, 855–56 (8th Cir. 2006); *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). The passage of time might have been an impediment, see 28 U.S.C. § 2255(f), but untimeliness is not a jurisdictional concern, *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016).

That does not mean, however, that the district court should have given McClain the option of proceeding under § 2255. His conclusory, three-page motion did not give the court any reason to question the legality of McClain's current term of supervised release. The only hint of McClain's theory is his mischaracterization of his § 922(g)(1) conviction as "Class C or D"; that crime normally is a Class C felony carrying a 10-year maximum term of imprisonment, but life imprisonment is possible with an ACCA enhancement, making the crime a Class A felony. See 18 U.S.C. §§ 924(a)(2), (e)(1), 3559(a)(1), (3). In his appellate brief, McClain clarifies his contention that he no longer qualifies as an armed career criminal after *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the ACCA's residual clause to be unconstitutionally vague. McClain says that, if he is not an armed career criminal, the maximum term of reimprisonment

on his latest revocation of supervised release would be two years instead of five, making his current four-year term illegal. See 18 U.S.C. § 3583(h).

McClain's argument is foreclosed by *Dawkins v. United States*, 809 F.3d 953 (7th Cir. 2016). McClain specifically contends that his three Illinois convictions for residential burglary in violation of 720 ILCS 5/19-3 are not ACCA predicates. Yet *Dawkins* holds that residential burglary under § 5/19-3 *is* "burglary" as defined in *Taylor v. United States*, 495 U.S. 575 (1990), thus making the crime an appropriate ACCA predicate without regard to the invalidated residual clause. See *Dawkins*, 809 F.3d at 956.

As a final matter, the government's argument that McClain filed his notice of appeal a day late is frivolous. Recent amendments to the prisoner mailbox rule clarify that a declaration or notarized statement from McClain is not needed to establish compliance with that rule; evidence, such as a postmark or date stamp, showing that the notice was timely deposited into the institutional mail with appropriate postage is enough. FED. R. APP. P. 4(c)(1)(A). And even before the recent amendments we had read Rule 4(c)(1) in a commonsense manner. See *Taylor v. Brown*, 787 F.3d 851, 858–59 & n. 10 (7th Cir. 2015) (noting that prisoner obviously need not comply with Rule 4(c)(1)'s command to certify that postage has been prepaid if filing is done by prison staff electronically). McClain's envelope is postmarked February 3, one day before the date on which, according to the government, it was due.

AFFIRMED.