Washington v. USA

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2016

(Motion Submitted:  May 22, 2017                    Decided:  July 13, 2017)

Docket No. 17-780

_____

RONNIE WASHINGTON,
                                                    *Petitioner*,

                            - v. -

UNITED STATES OF AMERICA,
                                                    *Respondent*.
_____

Before:  KEARSE, CABRANES, and CHIN, *Circuit Judges*.

Petitioner, convicted of a federal narcotics trafficking offense and sentenced as a career offender under § 4B1.1 of the advisory Sentencing Guidelines, moves for leave to file a successive motion pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that the enhanced punishment imposed because of his prior state convictions was unconstitutional in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).  As *Mathis* did not announce "a new rule of constitutional law," 28 U.S.C. § 2255(h)(2), petitioner's proposed successive motion is impermissible.

Motion denied.

Ronnie Washington, Bradford, Pennsylvania, *Petitioner pro se*.

PER CURIAM:

Petitioner *pro se* Ronnie Washington, a federal prisoner convicted in 2011 of conspiracy to distribute, and to possess with intent to distribute, cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and sentenced principally to 240 months' imprisonment as a career offender under § 4B1.1 of the advisory Sentencing Guidelines ("Guidelines"), moves for leave to file a successive motion pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that the application of Guidelines § 4B1.1, on the basis of his prior convictions for narcotics trafficking in violation of certain state laws, was unconstitutional in light of the Supreme Court's subsequent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). For the following reasons, the motion is denied.

Under § 2255, a person in custody under sentence of a federal court may move to vacate his sentence on the ground, *inter alia*, that "the sentence was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a); a "second or successive [such] motion" on a ground not previously presented is allowed only if the appropriate court of appeals certifies that the motion is based on either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,

28 U.S.C. § 2255(h); *see id*. §§ 2244(a), 2244(b)(3). *See generally Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (after a § 2255 motion has been decided on the merits, a subsequent § 2255

2

motion raising a challenge to the same judgment or sentence that was challenged in the prior motion is "'second or successive'" within the meaning of § 2255(h)).

In 2014, Washington moved under § 2255 to vacate his sentence on the ground that the district court had erred in ruling that he was a career offender within the meaning of Guidelines § 4B1.1, a motion that was denied on the merits. *See United States v. Washington*, Civil No. 3:14CV114, 2014 WL 2566068, at *5 (D. Conn. May 23, 2014). Washington seeks permission to file a successive § 2255 motion, noting in his petition that he does not rely on newly discovered evidence but contending that the Supreme Court's recent decision in *Mathis* established a new rule that makes the court's 2011 sentencing determination unconstitutional. His view of *Mathis* is without merit, as its holding was not based on the Constitution and was based on a rule applied for decades.

In *Mathis*, the Court dealt with the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which, like the advisory Guidelines career-offenders provision that was applied to Washington, calls for enhanced punishment when a defendant has previously been convicted of certain types and numbers of offenses, *see* 18 U.S.C. § 924(e). In such cases, proper determination of whether the defendant's prior convictions are of the type that constitute proper predicates for enhancement either requires a "categorical" approach, in which the sentencing court compares the category of enhancing offenses with the statutory elements of the prior offenses, or--with respect to statutes having multiple alternative elements--requires a "'modified categorical approach,'" in which the "sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2248-49 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005), and citing

*Taylor v. United States*, 495 U.S. 575, 602 (1990)). The *Mathis* Court confronted the question of whether the lower courts' use of the modified categorical approach was appropriate when the defendant had previously been convicted not under a statute that had multiple, alternative elements but rather under one that "list[ed] multiple, alternative means of satisfying one (or more) of its elements." 136 S. Ct. at 2248.

The Supreme Court concluded that its "precedents" made the answer "straightforward":

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . [T]hat rule does not change when a statute happens to list possible alternative means of commission . . . .

*Mathis* 136 S. Ct. at 2257; *see id.* ("the elements-based approach remains the law"). "Under ACCA, *Taylor* stated," because "it is impermissible for 'a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case,'" the "sentencing judge may look only to 'the elements of the [offense], not to the facts of [the] defendant's conduct.'" *Mathis*, 136 S. Ct. at 2251 (quoting *Taylor*, 495 U.S. at 601); *see also Mathis*, 136 S. Ct. at 2252 (citing, as examples of its consistent application of this principle, *Shepard*, 544 U.S. at 19; *James v. United States*, 550 U.S. 192, 214 (2007), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015); *Sykes v. United States*, 564 U.S. 1, 7 (2011), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015); *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)).

In sum, the *Mathis* Court was interpreting ACCA, not the Constitution. *Accord Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* . . . is a case of statutory interpretation."). And although the *Mathis* Court noted that its ACCA interpretation had been based in part on constitutional concerns, *see* 136 S. Ct. at 2252-53, those concerns did not reflect a new rule,

4

for "*Taylor* set out the essential rule governing ACCA cases more than a quarter century ago," *Mathis*, 136 S. Ct. at 2251.

Washington's motion for leave to file a second or successive § 2255 motion is denied.