ALD-312                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2167
_____

RASHEED DANIELS,
                    Appellant

v.

WARDEN LORETTO FCI; UNITED STATES ATTORNEY WESTERN DISTRICT
OF PENNSYLVANIA; ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 3-17-cv-00106)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and a Determination as to Whether a Certificate of Appealability is Required
September 20, 2018

Before: MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: December  14, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rasheed Daniels, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his habeas petition pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

Daniels was convicted in the United States District Court for the Northern District of New York of conspiracy to distribute and possess with the intent to distribute cocaine base and cocaine. In 2012, he was sentenced to 262 months in prison. The judgment was affirmed on direct appeal. In 2015, the District Court denied Daniels' motion to vacate sentence pursuant to 28 U.S.C. § 2255, which it found untimely.

In 2017, Daniels filed a habeas petition pursuant to § 2241 in the District Court in the Western District of Pennsylvania. Daniels claimed that he was improperly designated a career offender at sentencing under Mathis v. United States, 136 S. Ct. 2243 (2016). The Government responded that the District Court lacked jurisdiction because Daniels' claim was not cognizable under § 2241. Daniels agreed and moved the Court to transfer his petition to this Court to be treated as a motion for leave to file a second or successive § 2255 motion. The District Court adopted the Magistrate Judge's report and recommendation to dismiss the petition for lack of jurisdiction and deny Daniels' request to transfer his petition. The District Court dismissed the petition and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Daniels' petition for lack of jurisdiction, Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017), and the denial of his request to transfer

2

the petition. D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd, 566 F.3d 94, 101 (3d Cir. 2009).[1]

Although Daniels conceded below that his claim is not cognizable under § 2241, he appears to assert in this Court that the District Court has jurisdiction to entertain his claim. However, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences. . . ." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows a prisoner to file a habeas petition where a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), but we have applied this provision only in the unusual case where a petitioner had no prior opportunity to challenge a conviction for a crime that an intervening change in substantive law might have negated. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). We have not extended this exception to sentencing claims. Gardner, 845 F.3d at 102-03. Thus, the District Court did not err in concluding that Daniel's claim is not cognizable under § 2241.

We also agree with the District Court's decision not to transfer the petition to be treated as a motion for leave to file a second or successive § 2255 motion. The Second Circuit Court of Appeals is the "appropriate court of appeals" to consider such a motion as any second § 2255 motion would be filed in the sentencing court in the Northern District of New York. See 28 U.S.C. § 2244(b)(3)(A). The Second Circuit Court of

---

[1]A certificate of appealability is not required to appeal the dismissal of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Appeals has held that a claim based on <u>Mathis</u> does not satisfy the standard for a second or successive § 2255 motion. <u>Washington v. United States</u>, 868 F.3d 64, 66 (2d Cir. 2017) (per curiam).

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.