# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1249

_____

United States of America

*Plaintiff - Appellee*

v.

Billy D. Thorne

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: September 2, 2016
Filed: September 15, 2016
[Published]

_____

Before SMITH, MELLOY, and COLLOTON, Circuit Judges.

_____


PER CURIAM.

A jury convicted Defendant Billy D. Thorne of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Over objection, he was found to have been previously convicted of three or more "violent felon[ies]" and was sentenced as

an Armed Career Criminal.  18 U.S.C. § 924(e)(1).  Thorne appeals, challenging only the Armed Career Criminal determination and resulting sentence.

Several of Thorne's prior felony convictions were for violating Fla. Stat. § 810.02(3) (1995), second degree burglary of a dwelling.  If these convictions do not qualify as convictions for violent felonies, Thorne has not been shown to have three qualifying prior convictions and 18 U.S.C. § 924(e)(1) should not apply.

In supplemental briefing ordered after the Supreme Court issued its opinion in Mathis v. United States, 136 S. Ct. 2243 (2016), the government concedes that Fla. Stat. § 810.02 does not qualify as a violent felony.  This concession is consistent with the government's position in briefing to the Eleventh Circuit in United States v. Esprit, No. 14-13066 (11th Cir. July 6, 2016).  In particular, the government concludes the burglary statute in question, as interpreted by the Florida Supreme Court, is overinclusive but non-divisible.  It encompasses entry onto the curtilage of a building without separating entry into a building and entry onto curtilage as separate elements of different offenses.

> There is no crime denominated burglary of a curtilage; the curtilage is not a separate location wherein a burglary can occur.  Rather, it is an integral part of the structure or dwelling that it surrounds.  Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling.

Baker v. State, 636 So. 2d 1342, 1344 (Fla. 1994); see also United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir. 2006) ("Florida does not consider burglary of the curtilage of a structure to be a crime distinct from burglary of that structure . . . .").

We therefore vacate Thorne's sentence and remand for resentencing without use of the Florida convictions for second degree burglary of a dwelling for enhancement purposes under § 924(e).

_____