In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-1513

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHARLES HANEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois
No. 15-30041 — **Sue E. Myerscough**, *Judge.*

ARGUED OCTOBER 5, 2016 — DECIDED OCTOBER 27, 2016

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

PER CURIAM. Charles Haney pled guilty to possessing a gun as a felon. *See* 18 U.S.C. § 922(g)(1). The district court found that Haney had at least three prior convictions that qualified as "violent felonies" under the Armed Career Criminal Act and sentenced him to the mandatory minimum of fifteen years' imprisonment. *See id.* § 924(e)(1). On appeal Haney argues that, in light of recent decisions by this court

and the Supreme Court, his prior convictions for burglary in Illinois are not appropriate predicates under the ACCA. We agree, vacate the district court's judgment, and remand for resentencing.

Police in Illinois discovered a gun in Haney's van during a routine traffic stop. Haney was a convicted felon at the time, so he was charged with and pled guilty to a violation of 18 U.S.C. § 922(g)(1).

A probation officer prepared a presentence investigation report and recommended that Haney be sentenced as an armed career criminal. To qualify for that status, a defendant must have prior convictions for violent felonies committed on three different occasions. *See* 18 U.S.C. § 924(e)(1). The statute defines a violent felony as any crime punishable by more than a year in prison that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives." *Id.* § 924(e)(2)(B). The presentence report identified three predicate convictions: (1) burglary of an Illinois store in 1975 in violation of 38 ILCS § 19–1 (1973)[1]; (2) armed bank robbery in the Northern District of Illinois in 1977; and (3) aggravated assault in Pennsylvania in 1990. The report also listed that Haney had an additional conviction for burglary in Illinois in 1972 and two additional convictions for aggravated assault in Pennsylvania in 1990. But the report did not cite those additional convictions as potential predicates.

Haney argued that his convictions for burglary could not serve as predicates under the ACCA, citing three Supreme

---

[1] Now 720 ILCS 5/19–1 (2013).

Court cases: *Taylor v. United States*, 495 U.S. 575 (1990), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Taylor*, the Court explained that "burglary" in § 924(e)(2)(B)(ii) refers to burglary in the "generic sense," which "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598. In *Descamps*, the Court concluded that a California burglary statute could not serve as a predicate offense under the ACCA because the statute was broader than generic burglary in that it did not require an unlawful breaking and entering, as most burglary laws do. 133 S. Ct. at 2285–86. And in *Johnson*, the Court declared unconstitutionally vague the ACCA's "residual clause," i.e., a part of § 924(e)(2)(B)(ii) that defined violent felonies as offenses involving "conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. In light of these precedents, Haney argued that his convictions for burglary are not violent felonies because (1) the relevant statute does not have as an element a use or threat of physical force, as required under § 924(e)(2)(B)(i); (2) the statute does not have as an element an unlawful breaking and entering as required to constitute "burglary" under § 924(e)(2)(B)(ii); and (3) after *Johnson*, a conviction is not a violent crime merely because it presents a "serious potential risk of physical injury to another," § 924(e)(2)(B)(ii). Haney did not challenge the report's conclusion that his convictions for armed bank robbery and aggravated assault were violent felonies.

The district court overruled Haney's objection to his designation as an armed career criminal, noting that we already had decided that a district court need not rely on the

ACCA's problematic residual clause to count residential burglary in Illinois as a violent felony, *see Dawkins v. United States*, 809 F.3d 953, 954–56 (7th Cir. 2016) (per curiam) (denying application to file successive petition under 28 U.S.C. § 2255). The dissent in *Dawkins*, however, expressed concern that *Johnson* and *Descamps* may have undermined our decisions interpreting *Taylor*. 809 F.3d at 956–58 (Ripple, J., dissenting). Although the district court agreed with the dissent—opining that "under *Descamps*, a conviction for burglary in Illinois should not qualify as a violent felony for purposes of the ACCA"—the court concluded that it was bound by the majority's decision in *Dawkins*. The court therefore sentenced Haney as an armed career criminal and imposed the mandatory minimum sentence of fifteen years' imprisonment.

On appeal, the parties now agree that, given recent developments in the law, Haney's burglary convictions cannot count as predicate convictions under the ACCA. They come to this conclusion, however, for reasons different than those argued below. Now, the parties focus on the 1973 burglary statute's "locational element[s]." *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016). In *Mathis* the Supreme Court declared that burglary in Iowa does not qualify as a predicate violent felony offense under the ACCA because it is broader than the "generic" offense of burglary listed in § 924(e)(2)(B)(ii)—generic burglary requires unlawful entry into a building or other structure, whereas the Iowa burglary statute also includes entries into vehicles. 136 S. Ct. at 2250–51, 2257 (2016). And in *United States v. Edwards* this court, applying *Mathis*, concluded that Wisconsin's burglary statute also does not constitute a crime of violence under the Sentencing Guidelines for similar reasons. Nos. 15-2552, 15-

2373 & 15-2374, 2016 WL 4698952, at *4–6 (7th Cir. Sept. 8, 2016) (finding Wisconsin's burglary statute—proscribing burglary of locations such as "building[s] or dwelling[s] … enclosed railroad car[s] … [and] enclosed portion[s] of any ship or vessel"—"cover[s] a greater swath of conduct" than the elements of the Guidelines offense (citing *Mathis*, 136 S. Ct. at 2251)). The Illinois burglary statute at the time of Haney's 1975 conviction, the parties agree, similarly included locations other than a "building or other structure," falling outside the "generic" offense as defined by *Taylor*.

We agree with the parties that Haney's Illinois burglary convictions are not violent felonies under the ACCA. When Haney was twice convicted of burglary in the early 1970s, the relevant statute applied not only to buildings but also to vehicles, such as "housetrailer[s], watercraft, aircraft, motor vehicle[s] … [and] railroad car[s]." 38 ILCS § 19–1 (1971); *id* § 19–1 (1973); *id.* § 19–1 (1975); *see also United States v. Hope*, 906 F.2d 254, 262 n.5 (7th Cir. 1990) (citing 38 ILCS § 19–1 (1975)). So, like the Iowa statute at issue in *Mathis*, Haney's statute of conviction is broader than generic burglary. *See Mathis*, 136 S. Ct. at 2250–51. And the locations described in the older versions of the statute appear to represent "multiple means of fulfilling its locational element"—unlike the contemporary burglary statute, 720 ILCS 5/19–1, which imposes different penalties depending on the location in which the burglary occurs, constituting separate elements that could render the statute divisible and subject to the modified-categorical approach. *See Mathis*, 136 S. Ct. at 2250. Thus, neither of Haney's burglary convictions are appropri-

ate predicates under the ACCA.[2] *See Edwards*, 2016 WL 4698952, at \*6; *see also United States v. Thorne*, No. 15-1249, 2016 WL 4896375, at \*1 (8th Cir. Sept. 15, 2016) (vacating sentence in light of *Mathis* where defendant was convicted under Florida burglary statute); *United States v. White*, No. 15-4096, 2016 WL 4717943, at \*6–8 (4th Cir. Sept. 9, 2016) (same with West Virginia statute).

The government maintains, however, that Haney is an armed career criminal because of his prior aggravated-assault convictions. Haney was thrice convicted under a Pennsylvania statute that provides that a defendant commits aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 PA. CONS. STAT. § 2702(a)(1) (1990). Haney argues that the convictions do not satisfy § 924(e)(2)(B)(i) because the statute does not require an intentional use or threat of force.

We need not decide whether aggravated assault from Pennsylvania is a violent felony because a remand for resentencing is required either way. Even assuming that Haney's convictions for aggravated assault are violent felonies, Haney would still be one predicate short of being an armed

---

[2] We do not address recent case law's effect on *Dawkins*. *Dawkins* concluded Illinois's *Residential* Burglary statute, under 720 ILCS 5/19–3, comported with *Taylor*'s "generic offense" definition requirement. 809 F.3d at 954–56. Here, our ruling is limited to Illinois's *Burglary* statutes as they existed in the 1970s, 38 ILCS § 19–1 (1971) and 38 ILCS § 19–1 (1973). The current Residential Burglary statute does not include in its definition locations that fall outside of *Taylor*'s scope. The former Burglary statutes did, disqualifying them as ACCA predicate offenses post-*Mathis*.

career criminal if, as Haney argues, all three of his assaults occurred on the same "occasion." *See* 18 U.S.C. § 924(e)(1). And that issue was never addressed at sentencing.

The government bears the burden of proving by a preponderance of the evidence that the three convictions were "committed on occasions different from one another." *See Kirkland v. United States*, 687 F.3d 878, 895 (7th Cir. 2012) (quoting 18 U.S.C § 924(e)(1)). "[C]rimes that occur simultaneously will be deemed to have occurred on a single occasion," *see United States v. Elliott*, 703 F.3d 378, 383 (7th Cir. 2012), and "the evidentiary restrictions set forth in *Shepard v. United States* apply to the 'different occasion' inquiry." *Kirkland*, 687 F.3d at 883 (citing *Shepard v. United States*, 544 U.S. 13 (2005)). During sentencing the parties focused their attention on the burglary convictions, so the government did not argue—much less submit *Shepard*-approved documents to establish—that Haney committed his three aggravated assaults on different occasions. We granted Haney permission to supplement the record on appeal with the informations and verdict forms for the three aggravated-assault cases. But all these documents reveal about the offenses is that Haney committed the crimes of aggravated assault and recklessly endangering another person against three different individuals in Armstrong County, Pennsylvania on or about April 29, 1988. The documents say nothing at all about how the crimes were committed.

Haney did not object to the presentence report's description of his aggravated assaults, so we may consider the presentence report in determining whether Haney's three assaults occurred on different occasions. *See United States v. Aviles-Solarzano*, 623 F.3d 470, 474–75 (7th Cir. 2010). But that

document does not illuminate much either—for each conviction the report merely repeats that on April 29, 1988, Haney shot a different victim "in the abdomen [and in one case also the left wrist] with a .357 caliber revolver while in Don and Jacks Lounge, Ford City, Pennsylvania."

Given this scant record, the government has fallen far short of its burden of proving, by a preponderance of the evidence, that the aggravated assaults did, in fact, occur on separate occasions, as the ACCA requires. *See Kirkland*, 687 F.3d at 895. As such, we VACATE Haney's sentence and REMAND for the district court to determine in the first instance whether (1) aggravated assault in Pennsylvania is a violent felony, and (2) whether Haney committed the three assaults simultaneously or on different occasions.