Jakeffe HOLT, Petitioner-Appellant,

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16-1793**

United States Court of Appeals, Seventh Circuit.

Argued November 16, 2016

Decided December 13, 2016

Carol A. Brook, William H. Theis, William Todd Watson, Attorneys, Chicago, IL, for Petitioner–Appellant.

Debra Riggs Bonamici, Madeleine S. Murphy, Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Chicago, IL, for Respondent–Appellee.

Before EASTERBROOK, KANNE, and HAMILTON, Circuit Judges.

EASTERBROOK, Circuit Judge.

About a decade ago, Jakeffe Holt was convicted of possessing a firearm despite prior convictions that barred gun ownership. 18 U.S.C. § 922(g)(1). Several of those convictions led the district court to deem him an armed career criminal, 18 U.S.C. § 924(e), and impose a 200-month sentence.

*Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), holds that the residual clause in § 924(e)(2)(B)(ii) is unconstitutionally vague. Holt then launched a collateral attack on his sentence under 28 U.S.C. § 2255. Section 924(e) applies to persons with three prior violent felonies or serious drug offenses. The district court had counted a burglary conviction toward this number. Holt argued that this was a mistake. The district court rejected this argument and denied Holt's petition. 2016 WL 1407713, 2016 U.S. Dist. Lexis 48063 (N.D. Ill. Apr. 11, 2016). While Holt's appeal was pending we held that the version of the Illinois burglary statute under which he had been convicted is indeed not a "violent felony" because it does not satisfy the definition of "burglary" used in *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), for indivisible statutes. See *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016).

This development led us to ask for supplemental briefs on the question whether *Mathis* and *Haney* apply retroactively on collateral review under § 2255. The United States has conceded that they do. Without the armed career criminal enhancement, Holt's maximum sentence would have been 120 months under § 924(a)(2). Section 2255(a) allows a district court to reduce a sentence that exceeds the statutory maxi-

mum, and substantive decisions such as *Mathis* presumptively apply retroactively on collateral review. See, e.g., *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Montgomery v. Louisiana*, — U.S. —, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

■ But here Holt encounters a snag: This is his second § 2255 proceeding. A second or successive collateral attack is permissible only if the court of appeals certifies that it rests on newly discovered evidence (which Holt's does not) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(b). *Johnson* is a new rule of constitutional law, and in *Welch v. United States*, — U.S. —, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court made *Johnson*'s rule retroactive. Holt asked for leave to pursue a second collateral attack based on those precedents, and we granted his application. But his current argument rests on *Mathis* and *Haney*, not on *Johnson* and *Welch*.

*Haney*, as a decision of this court, cannot satisfy § 2255(h)(2), and *Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law. *Mathis* interprets the statutory word "burglary" and does not depend on or announce any novel principle of constitutional law. Section 2255(h)(2) therefore does not authorize a second § 2255 proceeding. See *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (arguments that rest on *Mathis* do not justify second or successive collateral attacks). While conceding that Holt would prevail in an initial collateral attack, the United States insists that he is not entitled to relief in this second § 2255 proceeding.

■ Holt submits that, despite appearances, his collateral attack really rests on *Johnson*. Although we stated in *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016), that *Johnson* does not affect sentence enhancements under the elements clause of § 924(e)(2)(B)(ii), we noted that, before *Johnson*, some defendants may have refrained from objecting to the classification of particular convictions under the elements clause because, even if these offenses lacked actual or threatened violence as an element, they still would have been treated as violent felonies under the residual clause. 827 F.3d at 565. By knocking out the residual clause *Johnson* thus opened the door to arguments based on the limits of the elements clause. So Holt's argument goes. *Stanley* itself did not draw this conclusion, however, because *Johnson* did not interpret the elements clause or declare it unconstitutional.

This aspect of Holt's argument treats § 924(e)(2)(B) as having only two clauses: elements and residual. Show that a given conviction does not satisfy the elements clause and you kick it into the residual clause, where *Johnson* applies. The problem is that § 924(e)(2)(B) has *three* clauses, not two. Here is its full text:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a

serious potential risk of physical injury to another[.]

Romanette (i) is the elements clause. Romanette (ii) comprises two clauses: "is burglary, arson, or extortion, involves use of explosives" and "otherwise involves conduct that presents a serious potential risk of physical injury to another". The second of these, the residual clause, contains the only language that *Johnson* held unconstitutionally vague. The possibility that after *Johnson* defendants may have a stronger incentive to contest the classification of convictions under the elements clause—in the hope of moving them to the residual clause and thus eliminating them from the set of violent felonies—has nothing to do with Holt's situation. His burglary conviction was classified as a violent felony under the burglary clause. Nothing in *Johnson*, *Welch*, or *Stanley* affects the proper treatment of burglary convictions. So Holt's second collateral attack cannot rest on *Johnson*.

Section 2255(h), which requires advance appellate approval of a second or successive collateral attack, incorporates 28 U.S.C. § 2244 by reference. Section 2244(b)(3)(E) reads: "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." Thus we cannot treat the prosecutor's supplemental brief as implying a request that we rehear, and rescind, the certificate authorizing a second collateral attack. But § 2244(b)(4) adds: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." This means that someone in Holt's position must show the district court that the requirements for a second collateral attack have been satisfied, and *that*

issue is reviewable on appeal in the ordinary course.

Section 2255(h) permits a court of appeals to authorize a successive collateral attack, though success is subject to a time limit in § 2255(f)(3). A petitioner has only one year from the date a constitutional right is first recognized by the Supreme Court. For *Johnson* that date was June 26, 2015. But appellate permission under § 2255(h) does not become possible until the Supreme Court itself declares the newly recognized right to be retroactive. That was done in *Welch*, which was issued on April 18, 2016. Less than three months remained for prisoners to file, and appellate courts to consider, applications seeking permission to file *Johnson*-based second or successive collateral attacks. Once any given application is filed, the court of appeals has only 30 days to grant or deny it. 28 U.S.C. § 2244(b)(3)(D). It may be difficult to get access to any given prisoner's full record of convictions within that time to see whether the residual clause matters to a sentence enhancement. These tight deadlines led us to authorize any second or successive collateral attack that arguably rested on the residual clause. We relied on the fact that, if we authorized a new collateral proceeding, the district judge could gather all of the necessary information and make an independent decision under § 2244(b)(4), a decision open to plenary appellate review.

That's what happened after Holt filed his § 2255(h) application. We authorized the second collateral attack after a necessarily abbreviated review. The district judge then saw that Holt's claim for relief depends on the meaning of "burglary" rather than the meaning of the Constitution, and she denied the petition. The judge acted before the Supreme Court released *Mathis* and before we issued *Ha-*

*ney*, so she did not appreciate that Holt's burglary conviction had indeed been misclassified when he was sentenced, but she understood that the argument being made was statutory rather than constitutional and did not rest on *Johnson* or any other retroactive rule of constitutional law. It follows that Holt is not entitled to relief in this, his second § 2255 proceeding. Whether he might be entitled to relief under 28 U.S.C. § 2241, should he pursue that route in the district where he is confined (he is being held at USP Canaan in Pennsylvania), is a question we need not consider.

AFFIRMED.