GREGORY, Chief Judge,
dissenting:
To take advantage of 28 U.S.C. § 2255(f)(3), a petitioner must first assert a right newly recognized by the Supreme Court, The majority reads this to mean that a petitioner must assert the right as expressed in the Supreme Court’s narrow holding newly recognizing that right, and wheré the four corners of that holding do. not encompass the precise facts underlying a petitioner’s claim, § 2255(f)(3) is not satisfied. But § 2255(f)(3) contains no such requirement, and in my view, a newly recognized right is more sensibly read to include the reasoning and principles that explain.it. And where a petitioner,asserts that right, with all its. contours and complexities, I would find that he or she satisfies § 2255(f)(3).
In Johnson, the Supreme Court recognized a defendant’s right not to have his or her sentence fixed by the application of the categorical approach to an imprecise and indeterminate sentencing provision, and it struck down the ACCA’s residual clause as inconsistent with ' that newly recognized right. Because Brown asserts that same right, I would find his petition timely under § 2255(f)(3), even though his challenge is to the residual clause under the mandatory Sentencing Guidelines, rather than the ACCA. I would further find that Johnson compels the conclusion that the residual clause under the mandatory Guidelines is unconstitutionally vague, and I would grant Brown’s petition and remand for resentencing. Accordingly, I must respectfully dissent.
I.
On March 19, 2003, Brown pleaded guilty to possession with intent to distribute fifty grams or more of cocaine báse, in violation of 21 U.S.C. § 841(a)(1) and (b)(l)(A)(iii), and to carrying a firearm during the commission of a drug crime, in violation of 18 U.S.C. § 924(c). J.A. 11. The presentence investigation report (“PSR”) indicated that Brown was eligible for the career-offender enhancement under the mandatory Sentencing Guidelines, based on his prior' felony convictions for drug trafficking and assault on a police officer while resisting arrest. .J.A. 90. The PSR assigned Brown an offense level of 34, J.A. 90, and a criminal history category of VI, J.A 96. According to the PSR, Brown’s mandatory Guidelines range was therefore 262-327 months in prison for the drug *305 charge, and 60 months to life for the firearm charge, to run consecutively to any other term of imprisonment. J.A. 102.
The district court adopted the PSR’s factual findings and Guideline applications, and on July 14, 2003, sentenced Brown to 322 months in prison. Brown’s sentence consisted of 262 months for the drug charge and 60 months for the firearm charge. J.A. 8-9. Brown did not appeal his sentence.
On January 28, 2016 — more than twelve years later — Brown filed a 28 U.S.C. § 2265 motion to vacate his sentence. J.A. 19-23. He argued that the Supreme Court’s June 26, 2016 decision in Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), rendered his motion timely because he was asserting Johnson’s newly recognized right — made retroactively applicable on collateral appeal — within one year of the Court’s recognition of that right. See 28 U.S.C. § 2255(f)(3). In Johnson, the Court held that the ACCA’s residual clause was unconstitutionally vague. Brown argued that the identically worded provision in § 4B1.2(a)(2) of the mandatory Sentencing Guidelines was therefore also void for vagueness. J.A. 20. And, he contended, because his assault conviction did not constitute a crime of violence under the Guidelines’ force clause and was not an enumerated offense — the only other avenues for categorizing a prior offense as a crime of violence — his conviction did not qualify as a crime of violence under the mandatory Guidelines. J.A. 20-22.[1] He further argued that his felony conviction for drug trafficking was not. a controlled substance offense. J.A. 22. Brown argued that in light of these errors, he should not have been' designated a career offender under the mandatory Sentencing Guidelines and was entitled to resentencing.
The district court did not address whether Brown’s argument regarding the assault claim was timely in light of Johnson, but instead went directly to the merits of the claim. J.A. 38. The court concluded thát because Brown’s assault conviction qualified as a crime of violence under the Guidelines’ force clause, it did not need to reach the question of whether the conviction was a crime of violence under the Guidelines’ residual clause — or whether the residual clause was still valid in light of Johnson. J.A. 40. And, the court found, Brown’s argument that his drug trafficking conviction was not a controlled substance offense was “not based at all oh Johnson,” but rather was “simply an unrelated claim that this Court erred when it sentenced Brown in 2003.” J.Á. 42. The court stated that Brown could not “use Johnson 'to revive an untimely, unrelated claim,” and it rejected his drug trafficking claim without discussing the merits. J.A. 42. The court dismissed Brown’s § 2255 motion with prejudice and declined to grant a certificate of appealability (“COA”). J.A. 43. Brown timely appealed and moved for a COA.
*306 This Court subsequently granted Brown a COA “on the issue of whether assault on a police officer while resisting arrest under South Carolina law qualifies as a predicate offense for career offender status in light of Johnson v. United States.” Order, United States v. Thilo Brown, No. 16-7056 (4th Cir. Dec. 7, 2016), ECF No. 14.[2]
II.
As the majority recognizes, a threshold issue for this Court is whether Brown’s § 2255 petition is timely. Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from the date that his or her judgment of conviction becomes final to attack the corresponding sentence. Because Brown’s judgment of conviction has been final for more than a decade, to bring a § 2255 petition, he must satisfy one of § 2255(f)’s other conditions for restarting the limitations period. Here, he relies on § 2255(f)(3), which permits a § 2255 petition that “assert[s] ... a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review” within one year of the Supreme Court’s recognition of the right. 28 U.S.C. § 2255(f)(3); see also Dodd v. United States, 545 U.S. 353, 357-58, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) (describing § 2255(f)(3) as requiring that “(1) the right asserted by the applicant was initially recognized by this Court; (2) this Court newly recognized the right; and (3) a court must have made the right retroactively applicable to cases on collateral review” (internal quotation marks omitted)). Brown argues that his § 2255 petition is timely because he filed it within one year of the Supreme Court’s decision in Johnson, which the Court subsequently held retroactively applicable to cases on collateral review in Welch v. United States, — U.S. -, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). I agree, and unlike the majority, I would find Brown’s petition timely.
It is well-settled in this Circuit that the Johnson Court recognized a new constitutional rule, and that the Welch Court made that rule retroactively applicable to cases on collateral review. In re Hubbard, 825 F.3d 225, 228 (4th Cir. 2016) (“Johnson announced a new rule of constitutional law that the Supreme Court made retroactive .... ”).[3] And it is undisputed that Brown filed his § 2255 motion within one year of Johnson and Welch. The only question for this Court’s timeliness inquiry, then, is whether Brown is asserting that particular right in his § 2255 petition. Or, said another way, the question is whether Johnson newly recognized a right that would permit Brown to collaterally attack, through § 2255(f)(3), the constitutionality of his sentence, which was enhanced under the residual clause in the mandatory Sentencing Guidelines. A logical starting point for the analysis is therefore the contours *307 of the right that the Supreme Court newly-recognized in Johnson.
A.
In Johnson, the Supreme Court held that the ACCA’s residual clause was unconstitutionally vague in violation' of the Fifth Amendment’s Due Process Clause. Johnson, 135 S.Ct. at 2555-57. It based its holding on the principle that “the Government violates [due process] by taking away someone’s life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement,” id. at 2556, finding that this principle applies to “statutes fixing sentences” just as it applies to “statutes defining elements of crimes,” id. at 2557.
The ACCA’s residual clause defined, a violent felony as “any crime punishable by imprisonment for a term exceeding one year” that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B). To determine whether a particular crime qualified as a violent felony under the ACCA’s residual clause, courts had to use the “categorical approach” to “picture the kind of conduct that the crime involves in ‘the ordinary case,’ and to judge whether that abstraction presented] a serious potential risk of physical injury.” Johnson, 135 S.Ct. at 2557 (quoting James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), overruled by Johnson, 135 S.Ct. 2551). According to the Johnson Court, this inquiry “le[ft] grave uncertainty about how to estimate the risk posed by a crime” and “tie[d] the judicial assessment of risk to a judicially imagined ‘ordinary case’ of a crime, not to real-world facts or statutory elements.” Id. “The residual clause,” the Court concluded, “offered] no reliable way to choose ... what [an] ‘ordinary* [non-enumerated crime] involves.” Even more, said the Court, “the residual clause le[ft] uncertainty about how much risk it takes for a crime to qualify as a violent felony” by requiring courts “to apply an imprecise ‘serious potential risk’ standard ... to a judge-imagined abstraction.” Id. at 2558. In light of this, the Court held that “the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges,” and thus, “[i]ncreasing a defendant’s sentence under the clause denies due process of law.” Id. at 2557.
In Welch, the Court held that Johnson is a substantive decision that is retroactively applicable to cases on collateral review. 136 S.Ct. at 1265. Discussing Johnson’s holding, the Welch Court explained that “[t]he vagueness of-the residual clause rests in large part on its operation under the categorical'approach, ... because applying [the residual clause’s serious potential risk] standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense.” Id. at 1262. And because Johnson struck down the ACCA’s residual clause as void for vagueness, the clause “can no longer mandate or authorize any sentence,” explained the Welch Court. Id. at 1265. “Johnson establishes, in other words, that ‘even the use of impeccable factfinding procedures could not legitimate’ a- sentence based on that clause.” Id. (quoting United States v. U.S. Coin & Currency, 401 U.S. 715, 724, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971)). In sum, Johnson and Welch established that a defendant’s due process rights are violated when a court, using the categorical approach, fixes that defendant’s sentence based on a statute that fails to provide proper notice of what constitutes criminal *308 conduct and requires courts to apply imprecise and indeterminate standards. See id; see also Johnson, 135 S.Ct. at 2557.
Subsequently, in Beckles v. United States, — U.S. -, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the Supreme Court sharpened the focus on this newly recognized right. There, the defendant filed a § ,2255 motion to vacate his sentence on the grounds that after Johnson, the residual clause in the advisory Guidelines’ definition of crime of violence was void for vagueness. Id. at 891.[4] The Court, relying heavily on the distinction between the advisory and mandatory Guidelines, held that “the advisory Guidelines are not subject to vagueness challenges under the-Due Process Clause.” Id. at 890. This is because the advisory Guidelines “merely guide the district court’s discretion,” the Court explained, and “[ujnlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences.” Id. at 892. “Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress.” Id. at 895. Accordingly, the Court observed, “‘[t]he due process concerns that .... require notice in a world of mandatory Guidelines no longer’ apply.” Id. at 894 (alterations in original) (quoting Irizarry v. United States, 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008)).
The Beckles Court thus excluded from the scope of Johnson’s, rule those sentencing provisions that advise, but do not bind, a sentencing court. But in so doing, the Court did not disturb Johnson’s holding that where a vague sentencing provision operates to fix a defendant’s sentence under the categorical approach, it is susceptible to attack under the Due Process Clause. Indeed, Justice Sotomayor, concurring in the judgment, noted that the majority opinion “at least leaves open the question whether defendants sentenced ... during the period in which the Guidelines did fix the permissible range of sentences ... may mount vagueness attacks on their sentences.” Id. at 903 n.4 (Sotoma-yor, J., concurring in the judgment) (internal citations and quotation marks omitted).[5] Thus, the decision in Beckles, while shrinking the universe of sentencing provisions susceptible to attack on vagueness grounds, reinforced that a defendant has the due process right — as newly recognized in Johnson — not to have his sentence fixed by the application of the categorical approach to an imprecise and indeterminate sentencing provision.
With the scope of Johnson’s right in mind, I next consider whether Brown can rely on that right to render his § 2255 motion timely.
*309 B.
Brown contends that because the mandatory Sentencing Guidelines’ residual clause is identical in text to the AGCA’s residual clause, enhancements under both clauses were applied using the categorical approach, and the clauses were similarly used to fix, rather than advise, applicable sentencing ranges, he can rely on the right newly set forth in Johnson to challenge his career-offender status under the mandatory Guidelines. I consider his arguments in turn.
First, it is undisputed that the text of the residual clause under the mandatory Guidelines is identical to the text of the ACCA’s residual clause. Both definitions include felonies that “involve! ] conduct that presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1.2(a)(2); 18 U.S.C. § 924(e)(2)(B)(ii). Section 4B1.2(a)(2)’s text therefore supports Brown’s argument that Johnson’s newly recognized right is applicable to a challenge to § 4B1.2(a)(2)’s residual clause.
Second, courts applied the categorical approach to both residual clauses. Like courts applying the ACCA, “[i]n determining whether a prior conviction triggers a sentence enhancement under the Sentencing Guidelines, ‘[courts] approach the issue categorically, looking “only to the fact of conviction and the statutory definition of the prior offense.”’” United States v. Montes-Flores, 736 F.3d 357, 364 (4th Cir. 2013) (quoting United States v. Cabrera-Umanzor, 728 F.3d 347, 350 (4th Cir. 2013)). Accordingly, when courts categorized prior felony convictions as crimes of violence under the mandatory Guidelines’ residual clause, they had to engage in the same “arbitrary enforcement,” Johnson, 135 S.Ct. at 2566, as courts enhancing a sentence under the ACCA’s residual clause. This too supports Brown’s argument that Johnson is applicable to his challenge here.
Finally, like the residual clause at issue in Johnson, the mandatory Guidelines’ residual clause imposed fixed, rather than advisory, sentencing ranges. When Brown was sentenced, the Supreme Court had not yet decided United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (establishing Sentencing Guidelines as “effectively advisory”), and the Guidelines were still mandatory, operating like statutes to fix sentences. Before Booker, the Guidelines had “the force and effect of laws,” id. at 234, 125 S.Ct. 738, and were considered indistinguishable from state laws, id. at 233, 125 S.Ct. 738 (“[T]here is no distinction of constitutional significance between the. Federal Sentencing Guidelines and the Washington procedures at issue in [Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ].”). While judges theoretically had the ability to depart from the Guidelines’ prescribed range, “departures [were] not available in every case, and in fact [were] unavailable in most.” Id. at 234, 125 S.Ct. 738.[6] Instead, in most cases, the Guidelines took into account nearly all relevant factors for determining an individual’s sentence, such that “no departure [was] legally permissible” and “the judge [wa]s bound to impose a sentence within.the Guidelines range.” Id. Like the ACCA’s residual clause, then, the mandatory Guidelines’ residual clause bound courts to impose sentences within the prescribed range.
*310 The Court’s decision in Bedeles, while foreclosing vOid-for-vagueness challenges to the residual clause under the advisory Guidelines, shows that sentencing under the ACCA’s residual clause and sentencing under the mandatory Guidelines’ residual clause was the same. Indeed, the Court’s decision in Bedeles rested on the distinction between the mandatory and advisory Guidelines, with the advisory nature of the post -Booker Guidelines dictating a result different than in Johnson. The Bedeles Court explained that, unlike the ACCA, “[t]he advisory Guidelines ... do not implicate the twin concerns underlying vagueness doctrine — providing notice and preventing arbitrary enforcement.” Beckles, 137 S.Ct. at 894. This is because “even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence,” id., and the advisory Guidelines only “advise sentencing courts how to exercise their discretion within the bounds established by Congress” and do not “ ‘establish ] minimum and maximum penalties for [any] crime,’ ” id. at 895 (quoting Mistretta v. United States, 488 U.S. 361, 396, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)). This is entirely different from the mandatory Guidelines, which “b[ou]nd judges and courts in the exercise of their uncontested responsibility to pass sentence in criminal cases,” Mistretta, 488 U.S. at 391, 109 S.Ct. 647, and “ha[d] the force and effect of laws, prescribing the sentences criminal defendants are to receive,” id. at 413, 109 S.Ct. 647 (Scalia, J., dissenting). The considerations underlining the Court’s decision in Bedeles are simply not implicated here, where the residual clause operated just like a statute to fix Brown’s sentence. If anything, then, Bedeles clarifies Johnson’s animating principles and affirms that Johnson’s newly recognized right does apply to challenges to the residual clause under the mandatory Guidelines. Thus, contrary to the majority’s view, Brown need not “cobble together a right by combining these [cases],” Maj. Op. at 302 the right he asserts stems from Johnson. Bedeles and Booker merely reinforce that the right newly recognized in Johnson is indeed applicable to Brown’s claim.
Ultimately, that the residual clause at issue here is contained in the mandatory Sentencing Guidelines, rather than the ACCA, is a distinction without a difference for purposes of this Court’s timeliness inquiry. The clauses’ text is identical, and courts applied them using the same categorical approach and for the same ends— to fix a defendant’s sentence. The right newly recognized in Johnson is therefore clearly applicable to Brown’s claim, because the mandatory Guidelines’ residual clause presents the same problems of notice and arbitrary enforcement as the ACCA’s residual clause at issue in Johnson. The majority, by finding that a defendant sentenced under a nearly identical provision with nearly identical effects cannot assert the right newly recognized in Johnson, unnecessarily tethers that right to the ACCA itself, when the right clearly stems from the due process protections that prohibit such sentencing schemes more generally. This narrow view divests Johnson’s holding from the very principles on which it rests and thus unduly cabins Johnson’s newly recognized right.
I would find that Brown is asserting the right newly recognized in Johnson. And because this Court found that “the rule in Johnson is substantive with respect to its application to the [mandatory] Sentencing Guidelines and therefore applies retroactively,” Hubbard, 825 F.3d at 235, I would find that Brown satisfies all of § 2255(f)(3)’s requirements. I would thus find his petition timely.
*311 III.
Lastly, I would find in favor of Brown on the merits of his claim. As previously discussed, first, the text of § 4B1.2(a)(2)’s residual clause is identical to the text of the ACCA’s residual clause, which the Supreme Court held unconstitutionally vague in Johnson. Second, courts enhanced sentences under § 4B1.2(a)(2)’s residual clause using the categorical approach, just as they did when enhancing sentences under the ACCA’s residual clause. And third, like the ACCA, the mandatory Guidelines fixed minimum and maximum sentences and bound courts to sentence within particular ranges. This case diverges from Johnson only because Brown’s sentence was enhanced under the mandatory Guidelines, rather than the ACCA, but I can discern no principled reason that such a distinction should dictate an outcome different than in Johnson, particularly where the concerns outlined in Beckles are not implicated.
As the Court recognized in Johnson, defendants have a due process right not to have their sentences enhanced by the application of the categorical approach to an imprecise and indeterminate sentencing provision. 135 S.Ct. at 2558. And as the Court made clear in Beckles, when such sentencing provisions set a fixed, rather than advisory, sentence under the categorical approach, they are void for vagueness. See Beckles, 137 S.Ct. at 892. Here, the district court applied the categorical approach to § 4B1.2(a)(2)’s residual clause, which fixed Brown’s sentencing range— precisely what the Johnson Court said runs afoul of the Due Process Clause. These cases therefore compel the conclusion that under the mandatory Guidelines, § 4B1.2(a)(2)’s residual clause is unconstitutionally vague and cannot be the basis for enhancing Brown’s sentence.
For all of these reasons, I would grant Brown’s § 2255 motion and remand for resentencing.

. Under the mandatory Sentencing Guidelines, § 4B 1.2(a) reads in full:
The term "crime of violence” means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S. Sentencing Guidelines Manual § 4B 1.2(a) (U.S. Sentencing Comm’n 20002) (emphasis added). Section 4B 1.2(a)(1) is the force clause, and § 4B 1.2(a)(2) consists of the enumerated-offense and residual clauses, with the residual clause denoted above in italics.

. Because we granted a COA only as to Brown’s argument regarding his assault conviction, the question of whether his South Carolina drug trafficking conviction constitutes a controlled substance offense under the Guidelines is not before this Court.

, Although the Welch Court describes Johnson as newly recognizing a "rule,” rather ' than a “right,” courts, including this one, use the terms interchangeably. See, e.g., United States v. Powell, 691 F.3d 554 (4th Cir. 2012) (calling it "well settled” that the analysis in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which discusses what constitutes a newly recognized rule, governs whether a new right is retroactively applicable under § 2255(f)(3)). And courts have described Johnson as recognizing a new "right” for purposes of § 2255(f)(3). See, e.g., Holt v. United States, 843 F.3d 720, 723 (7th Cir. 2016) (stating that in Welch, the Court "newly recognized the right [in Johnson] to be retroactive” (emphasis added)). Therefore, I use "rule” and "right” interchangeably.

. Beckles's § 2255 motion was timely because he brought it within one year of the date on which his conviction became final. See 28 U.S.C. § 2255(f)(1); see also Beckles, 137 S.Ct. at 891; United States v. Beckles, 565 F.3d 832 (11th Cir. 2009), cert. denied, 558 U.S. 906, 130 S.Ct. 272, 175 L.Ed.2d 183 (2009). Therefore, he did not need to demonstrate — nor did ,the Supreme Court need to consider — whether Johnson newly recognized a right that would allow Beckles to collaterally attack his advisory Guidelines sentence pursuant to 28 U.S.C. § 2255(f)(3).

. The majority reads Justice Sotomayor’s . statement to mean that the question of whether the Johnson Court newly recognized a right applicable to a challenge to the mandatory Guidelines is still open, See Maj. Op. at 299 n.l, 300, 302. But Justice Sotomayor, in her concurrence, suggested only that the merits of such a challenge have not yet been decided. And she noted that the majority's decision in Beckles did not foreclose such a challenge. But she said nothing of timeliness under § 2255(f)(3), or whether the Court's Beckles decision would in any way undermine a petitioner's ability to bring a § 2255(f)(3) petition challenging the mandatory Guidelines in light of the right newly recognized in Johnson.

. Similarly, when district courts fix sentences under the ACCA, they are prohibited from sentencing a defendant below the statutory mandatory minimum, save for the relatively rare cases where the government has filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, or where the defendant qualifiés for a safety-valve reduction under 18 U.S.C. § 3553(f).