In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 16-3549

PATRICK HROBOWSKI,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-cv-8670 — **Samuel Der-Yeghiayan**, *Judge*.

_____

ARGUED FEBRUARY 21, 2018 — DECIDED SEPTEMBER 17, 2018

_____

Before RIPPLE, KANNE, and HAMILTON, *Circuit Judges*.

KANNE, *Circuit Judge*. In *Johnson v. United States*, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act is unconstitutional. 135 S. Ct. 2551 (2015). In *Welch v. United States*, the Court determined that its decision in *Johnson* should apply retroactively. 136 S. Ct. 1257 (2016). So a prisoner who was sentenced under the

unconstitutional residual clause can move to vacate his sentence, as long as the error affected his sentence. *Van Cannon v. United States*, 890 F.3d 656, 661 (7th Cir. 2018).

At issue in this case is whether demonstrating that a *Johnson* error occurred allows a petitioner to collaterally attack his sentence on other grounds in a successive § 2255 petition. In this case, the petitioner cannot. His other basis for challenging his sentence is procedurally barred and *Johnson* does not serve as a way around that bar. Accordingly, we affirm the district court's denial of the petition.

## I.    BACKGROUND

A criminal defendant is subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA") if he has previously been convicted of three or more violent felonies. 18 U.S.C. § 924(e). Patrick Hrobowski was convicted of two federal firearms offenses in 2006 and sentenced to 264 months' imprisonment under the ACCA based on four prior Illinois state-law convictions: aggravated battery, second-degree murder, aggravated discharge of a firearm, and aggravated fleeing from a police officer. His conviction was affirmed on direct appeal.

Hrobowski has since moved several times to vacate his sentence under 28 U.S.C. § 2255. Section 2255 allows a prisoner to vacate his sentence if he can demonstrate that it was imposed in violation of the Constitution, that the court lacked jurisdiction to impose the sentence, that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Successive § 2255 petitions must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence

or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Hrobowski first moved to vacate his sentence based on alleged jurisdictional problems and ineffective assistance of counsel. The motion was denied, and neither the district court nor this court granted a certificate of appealability. Hrobowski then sought authorization to file a successive § 2255 petition alleging a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). That application was also denied. He filed a third petition based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The petition was denied on the merits, though it should have been dismissed for lack of jurisdiction as it was never authorized by this court.

In 2015 Hrobowski again sought authorization to file a successive § 2255 petition following the U.S. Supreme Court's decisions in *Johnson* and *Welch*, which addressed the "residual clause" found in the ACCA. The ACCA provides that any person convicted of certain firearms offenses who had three previous convictions for a violent felony or serious drug offense is subject to an enhanced sentence. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as:

> "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*…."

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. In *Johnson*, the Court found this clause unconstitutionally vague. 135 S. Ct. at 2557. Following that decision, sentencing courts cannot enhance a sentence based on a prior conviction that would fall within that part of the definition. In *Welch*, the Court decided that the *Johnson* rule applies retroactively. 136 S. Ct. at 1268. Therefore, petitions based on *Johnson* errors generally satisfy the requirement for filing a successive § 2255 petition: the *Johnson* decision was a new rule of constitutional law, and the Supreme Court made the rule retroactive. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

This court authorized Hrobowski's instant petition because it was based on alleged *Johnson* errors. Hrobowski argued two of his prior convictions were based on the residual clause and so should not have been considered qualifying violent felony convictions. He supplemented his petition to notify the court that his civil rights had been restored on the other two prior convictions. He claimed that he was discharged from the second-degree murder conviction in 1998

and from the aggravated discharge of a firearm conviction in 2002 and that his rights were fully restored upon discharge.

The district court denied the petition. The court determined that one of the prior convictions was based on the residual clause, so a *Johnson* violation occurred, but it was harmless as Hrobowski had three other prior violent felonies. This court granted a certificate of appealability and directed the parties to address the application, if any, of the court's decision in *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016). We agree that one of the convictions cannot be used to justify Hrobowski's sentence following *Johnson*, but because he was convicted of three other violent felonies at the time he was sentenced, Hrobowski's ACCA sentence was proper. His claim that two of his other convictions should not be considered prior violent felonies because his rights were restored is procedurally barred. Therefore, the district court was right to deny Hrobowski's motion to vacate his sentence.

## II.    ANALYSIS

When reviewing the denial of a § 2255 petition, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Torres-Chavez v. United States*, 828 F.3d 582, 585 (7th Cir. 2016). Whether a prior offense qualifies as a prior violent felony under the ACCA is a question of law that we review *de novo*. *United States v. Duncan*, 833 F.3d 751, 753 (7th Cir. 2016).

To prevail, Hrobowski needed to show that a *Johnson* error occurred and that he was prejudiced by that error. That is, that his sentence should have been lower if not for the *Johnson* error. 135 S. Ct. at 2563. On appeal, Hrobowski and the govern-

ment agree that one, and only one, of Hrobowski's prior convictions was based on the residual clause and thus should not have been considered a qualifying violent felony conviction. The government asserts, however, that Hrobowski suffered no prejudice because he had other prior convictions that justified the ACCA sentence.

Hrobowski, on the other hand, contends the sentencing court should not have relied upon his convictions of second-degree murder and aggravated discharge of a firearm to enhance his sentence because his rights had been restored under Illinois law for those offenses. He has a valid argument—the ACCA provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for [these] purposes…." 18 U.S.C. § 921(a)(20); *see Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009) (holding that an Illinois-state-law conviction for which the defendant's rights have been restored cannot be counted as a prior violent felony for purposes of the ACCA). The problem is that Hrobowski's restoration of rights claim is not based on any new constitutional rule and so it is not the proper basis for a successive § 2255 petition.

Hrobowski attempts to avoid this bar by suggesting he be allowed to challenge his sentence on any grounds once he establishes that a *Johnson* error occurred. But a finding that one predicate offense can no longer be relied on in light of *Johnson* does not open the door to other time-barred claims against the petitioner's sentence. *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016). In *Holt*, we authorized the petitioner to file a successive § 2255 petition that appeared to be based on *Johnson*. 843 F.3d at 722. The district court denied the petition and,

on appeal, we recognized that the dispositive issue in the case was actually based on two different cases, "*Mathis* [*v. United States*, 136 S. Ct. 2243 (2016),] and [*United States v.*] *Haney*, [840 F.3d 472 (7th Cir. 2016),] not on *Johnson* and *Welch*." *Id*. Because claims based on *Mathis* and *Haney* do not satisfy the requirements for successive § 2255 petitions, the petitioner could not rely on these claims to demonstrate that a *Johnson* error was prejudicial. *Id.* at 724. For the same reason, Hrobowski is barred from raising his restitution of rights claim for the first time in his successive § 2255 petition.

In *Van Cannon*, we allowed the petitioner to collaterally attack one of his prior convictions to show a *Johnson* error was prejudicial. 890 F.3d at 662. But in that case the attack was based on a change in federal law between the time the petitioner was sentenced and his § 2255 petition. *Id.* There has been no relevant change in the law affecting Hrobowski's sentence. Assuming his assertions are true, Hrobowski's rights were restored in 1998 and 2002. He had every opportunity and incentive to challenge the reliance on the convictions for which his rights had been restored at the time he was sentenced in 2006 or on direct appeal and failed to do so.

### III.   CONCLUSION

In sum, Hrobowski had four prior convictions at the time he was sentenced in this case. He has successfully shown that one of those convictions no longer justifies an enhanced sentence under the ACCA. But that does not allow him to bring collateral attacks against his other convictions based on theories available to him at the time he was sentenced. So he is barred from claiming the court should not have relied on any

of the remaining three qualifying prior convictions. And because he had three qualifying prior convictions, he suffered no prejudice and was properly sentenced under the ACCA.

For these reasons, we AFFIRM the district court's denial of Hrobowski's petition.