**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7641**

ROBERT TOLBERT,

        Petitioner - Appellant,

    v.

WARDEN FCI ESTILL,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Bruce H. Hendricks, District Judge.  (1:19-cv-02135-BHH)

Submitted:  May 29, 2020                      Decided:  September 15, 2020

Before GREGORY, Chief Judge, KEENAN, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert Tolbert, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Tolbert appeals the district court's order adopting the magistrate judge's recommendation and dismissing without prejudice Tolbert's 28 U.S.C. § 2241 (2018) petition. In so ruling, the court determined that Tolbert filed general and conclusory objections to the magistrate judge's report and recommendation. As Tolbert's objections were sufficiently specific to alert the court to the basis for his challenge, and the record does not establish that the court conducted de novo review of the magistrate judge's report, we vacate and remand for further proceedings.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of the recommendation when the parties have been warned that failure to object will waive appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). To qualify as specific, a party's objections must "reasonably . . . alert the district court of the true ground[s] for the objection[s]." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted). This requirement "train[s] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). The district court must review de novo those portions of the report to which specific objections are made. *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019). A court's failure to apply the proper de novo standard of review warrants vacatur and remand. *See Id.*

2

Our review reveals that the district court was obligated to review the magistrate judge's report de novo. The district court claimed that the pro se Plaintiff's filing "appears to be a boilerplate form . . . that Plaintiff submitted without [filling] anything into the space provided for specific objections." E.R. 127−28 (Opinion and Order) (citing Dkt. No. 14 at 1). But the Plaintiff's filing reveals specific objections that challenged the magistrate judge's application of the test we established in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), contending instead that his petition should be considered applying the holdings in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), and that the holding in *United States v. Peppers*, 899 F.3d 211 (3d Cir. 2018), did not apply because he was not seeking authorization to file a successive motion under 28 U.S.C. § 2255 (2018). Thus, the district court erred. So we grant leave to proceed in forma pauperis, vacate the judgment, and remand with instructions for the court to review the report and recommendation de novo. In doing so, we express no opinion on the merits of the objections, only that they were specific and thus required the district court to engage in de novo review.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*