In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 12-2621, 12-2762

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

QUADALE D. COLEMAN,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:07-cr-00080-wmc-1 — **William M. Conley**, *Chief Judge.*

QUADALE D. COLEMAN

*Petitioner-Appellee,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:10-cv-00736-wmc —**William M. Conley**, *Chief Judge.*

ARGUED APRIL 25, 2014 — DECIDED AUGUST 14, 2014

Before KANNE and ROVNER, *Circuit Judges*, and DOW, *District Judge.*[*]

ROVNER, *Circuit Judge.* On August 8, 2007, Quadale D. Coleman pled guilty to the charge of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), which involved 121.989 grams of crack cocaine. The offense subjected Coleman to a statutory imprisonment range of a minimum of 5 years and a maximum of 40 years. The sentencing proceedings in the district court revealed a criminal history that included past convictions for possession with intent to distribute cocaine base in Dane County Circuit Court, and for sexual assault of a child in violation of Wis. Stat. § 948.02(2) in Dane County Circuit Court. Based on those convictions, the district court determined that he was a career offender under § 4B1.1 of the Sentencing Guidelines (the "Guidelines") as a person with two convictions of either crimes of violence or offenses involving a controlled substance. That designation increased the sentencing range under the Guidelines from a range of 140-175 months to a range of 188-235 months. In an amended judgment, the district court imposed a sentence of 225 months imprisonment followed by 5 years of supervised release.

Subsequently, the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), and our decision in *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010), altered the terrain as to the determination of career offender status. *Begay*

---

[*] The Honorable Robert M. Dow, Jr., of the Northern District of Illinois, sitting by designation.

held that the residual clause of the crime-of-violence definition encompasses the types of crimes that categorically involve purposeful, violent and aggressive conduct. 553 U.S. at 144–45, 148. The Court cautioned that "[i]n determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* at 141, citing *Taylor v. United States*, 495 U.S. 575, 602 (1990). In *McDonald*, we held that pursuant to *Begay*, a conviction for second-degree sexual assault of a child in Wis. Stat. § 948.02(2), which prohibits "sexual contact or sexual intercourse with a person who has not attained the age of 16 years," is not a "crime of violence" for purposes of the career offender designation in § 4B1.1 of the Guidelines because it is a strict liability offense. 592 F.3d at 813–14. Based on that caselaw, Coleman filed a motion pursuant to 28 U.S.C. § 2255 asserting that he was improperly considered a career offender and sought resentencing. The district court granted the motion and recalculated the Guidelines range excluding that career offender designation. The court also concluded that a reduction in the base offense level was appropriate because the Guidelines range for that drug offense had subsequently been lowered by the Sentencing Commission, and therefore determined that the proper range was 120-150 months instead of the 140-175 month range that the original court would have applied absent the career offender designation. The court sentenced Coleman to 120 months imprisonment and 5 years of supervised release. The government now appeals both the district court's order granting Coleman's motion to vacate his sentence under §

2255(a) and ordering resentencing (No. 12-2762), and the second amended judgment in the underlying criminal case against Coleman entered after that resentencing (No. 12-2621). We have consolidated those appeals for resolution.

The government does not dispute that in light of *McDonald*, the sexual assault conviction could not form the basis for career offender status, and that Coleman accordingly should not have been sentenced using that § 4B1.1 career offender designation. The dispute on appeal is only whether such an error is cognizable in a § 2255 motion. The government contends that our decision in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), an opinion later supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013), is controlling in this case and requires reversal.

In *Hawkins*, this court recognized that "not every error is corrigible in a post-conviction proceeding, even if the error is not harmless." 706 F.3d at 823. Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). "[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion." *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993).

In *Hawkins*, we held that the erroneous determination that the petitioner was a career offender in calculating his sentence was not a cognizable error under § 2255 post-*Booker*. *Hawkins*, 706 F.3d 820; see *United States v. Booker*, 543 U.S. 220 (2005). We

reasoned that after *Booker*, the Guidelines are not binding on a district court judge, and in fact "the judge may not even *presume* that a sentence within the applicable guidelines range would be proper." *Hawkins*, 706 F.3d at 822. The judge must therefore independently determine the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a), and impose a sentence that is sufficient but not greater than necessary to comply with the purposes of § 3553(a). *Id.* at 822–23. Although recognizing that the Guidelines remain influential in sentencing, such that Hawkins may have received a lower sentence if the Guidelines range had been properly calculated, we noted that the district court would not have been required to impose a lower sentence. *Id.* at 824. In balancing the interest in finality against the injustice of a possibly mistaken sentence, we concluded that in the context of postconviction proceedings, a sentence well below the ceiling imposed by Congress —whether directly in the statute or by delegation to the Sentencing Commission in the Guidelines—does not constitute a miscarriage of justice. *Id.* at 824–25. Accordingly, we held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum. In so holding, we distinguished the case from that of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), in which the Guidelines were considered mandatory by the district court and which found such a sentencing error cognizable in a § 2255 motion. Although I dissented, repeatedly, from that holding, it is now the law of this circuit. See *Hawkins*, 706 F.3d at 825, 724 F.3d at 919.

Coleman acknowledges in his briefing to this court that our *Hawkins* decision held that the error in applying the career offender provision in determining the advisory Guidelines range was not cognizable in a § 2255 motion. He argues that we should nevertheless affirm the district court. First, he asserts that our holding in *Hawkins* has been rejected by the Eleventh Circuit in *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013), and that we should reconsider it in light of that intervening, contradictory caselaw. The Eleventh Circuit, however, has since granted en banc review and vacated that panel decision. Similarly, the Fourth Circuit in a panel decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), held that a sentence based on a career offender enhancement that was subsequently revealed to be inapplicable constituted a miscarriage of justice cognizable under § 2255, but en banc review was granted in that case as well and that panel opinion also was vacated. *Whiteside v. United States*, 2014 WL 3377981 (July 10, 2014). Moreover, our decision in *Hawkins* is consistent with the Eighth Circuit's decision in *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) (en banc), which held that career offender status is an ordinary question of Guidelines interpretation and that error in assessing that status is not an error that results in a miscarriage of justice cognizable in a § 2255 motion. The treatment of the issue by the other circuits and the prevalence of en banc review reflects that the issue is a contentious one, which we as a circuit already know given the lack of unanimity in the *Hawkins* panel and the close 5-4 en banc vote in our own circuit. See *Hawkins v. United States*, 725 F.3d 680 (7th Cir. 2013). Given the dissents in *Hawkins* and the en banc petition, the *Hawkins* court was well aware of the contrary

viewpoints later reflected in those since-vacated panel opinions in the other circuits, and *Hawkins* constitutes our court's resolution of that issue. Accordingly, at least at this time, there is no split in the circuits or novel arguments that would cause us to re-examine our decision in *Hawkins*.

Coleman argues that this case is distinguishable from *Hawkins* because we need not guess as to whether the sentence would have been lower absent the career offender designation, given that at resentencing the district court sentenced him to only 120 months. That argument is problematic for a number of reasons. First, the resentencing in this case was by a different district court judge years after the original sentence, and the transcript indicates that the district court considered the defendant's conduct in prison and his participation in prison programs as evidence militating towards a lower sentence. The district court on resentencing held that there was not anything mitigating in Coleman's criminal history, and noted that although the forcible sexual assault was not a crime of violence for career offender designation, the details of the sexual assault in the criminal complaint were "disturbing" and could be considered under § 3553(a). Coleman did not dispute the facts in the Presentence Report (PSR) before the district court concerning that offense, which indicated that the sexual assault was forcible and that the victim was 14 years old.[**] There is, in

---

[**] Although the content of PSRs are generally confidential, consideration of the PSR is appropriate as necessary to provide the factual background for a district court's sentence and to address the arguments for resentencing. See *United States v. Kelly*, 314 F.3d 908, 913 (7th Cir. 2003). In deference to

(continued...)

short, no reason to believe that a district court—faced with a crime of such a nature—would be inclined to revise the sentence based solely on whether the elements of that offense necessarily fall within the career offender provision's definition of a crime of violence. It is the type of crime that one would expect to fall within such a category and that is at a minimum analogous to such crimes, and a court would properly consider that in determining the appropriate sentence in light of the § 3553(a) factors. The mitigating factors identified at sentencing involving Coleman's conduct in prison would not have been factors at the original sentence and therefore the lower sentence resulting from that consideration does not inform us as to whether the original sentence would have been lower.

We need not decide that, however, because the second and more pressing problem with this argument is that even errors that are not harmless may not be cognizable in a § 2255 proceeding. *Hawkins*, 706 F.3d at 823. In *Hawkins*, we determined that § 2255 relief was unavailable even though we conceded that the judge may have imposed a lower sentence if the proper Guidelines range was calculated. *Id.* at 824. In fact, in *Hawkins* the gap between the range used by the district court and the appropriate range was much more substantial than is the case here. In *Hawkins*, the district court should have sentenced the defendant based on a Guidelines range of either 15-21 months or 24-30 months (the court found it unnecessary

---

[**] (...continued)
that interest in confidentiality, we provide here only the general outline of the factual underpinnings of the sexual assault claim, as that is sufficient for purposes of this analysis.

to decide which would have been appropriate), but because the district court (erroneously, as it turned out) deemed Hawkins a career offender, the court instead relied on a Guidelines range of 151-188 months and imposed a sentence of 151 months. *Id.* at 821. A district court faced with the proper Guidelines range would not reach a sentence that high unless it determined that a five to tenfold increase from that range was appropriate. *Id.* at 827 (Rovner, J. dissenting). In contrast, the difference from the actual (188-235 months) to the appropriate (140-175 at time of sentencing) range was much less significant here. Therefore, the likelihood of a different sentence in light of the sentencing error is not an adequate basis to distinguish *Hawkins*.

Coleman argues two other means of distinguishing *Hawkins*. First, he asserts that *Hawkins* applies to sentencing under the Guidelines in which the district court understood that the Guidelines were advisory, but here the district court did not appear to appreciate the discretion because the court stated that the career offender range was the legal sentencing range and was what "the law will allow." The transcript of the sentencing hearing makes clear, however, that the district court judge understood his role and the advisory nature of the Guidelines. The judge explicitly stated that he would use the 2007 Guidelines Manual and that it was advisory, and declared that he would impose the sentence consistent with the provisions set forth in 18 U.S.C. § 3553(a). Moreover, the court's discussion of the appropriate sentence reflects consideration of those § 3553(a) factors. Accordingly, *Hawkins* is not distinguishable on this basis.

Finally, Coleman contends that his case presents a procedural posture that would help ensure against the *Hawkins'* court concern with limited judicial resources and the potential of a flood of filings because his § 2255 motion was filed within the original § 2255 deadlines, again relying on the Eleventh Circuit's case in *Spencer*, 727 F.3d at 1091. As we previously stated, *Spencer* was vacated and the case is being considered en banc. Moreover, the argument that the *Spencer* court had endorsed and Coleman seeks to adopt would allow a first, timely-filed motion under § 2255 where a new Supreme Court decision has been given retroactive effect, but *Hawkins* similarly addressed a timely-filed § 2255 motion based upon a new Supreme Court opinion. *Hawkins*, 706 F.3d at 822. Coleman has failed to argue how that factor distinguishes this case from that presented and decided in *Hawkins*, and therefore it is not a basis for affirmance of the district court's decision to resentence him. Based on our decision in *Hawkins*, the decision of the district court in No. 12-2621 resentencing Coleman is VACATED, the decision in No. 12-2762 granting the § 2255 motion is REVERSED and the case is REMANDED with instructions to the court to deny the § 2255 motion and reinstate the original amended judgment of conviction and sentence.