In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1149

JAMES B. HANSON,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:16-cv-00428-JPG — **J. Phil Gilbert**, *Judge.*

ARGUED SEPTEMBER 4, 2019 — DECIDED OCTOBER 23, 2019

Before WOOD, *Chief Judge,* and BAUER and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* Following a six-year investigation into a methamphetamine operation, James Hanson was indicted on May 5, 2009, with conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in excess of 500 grams. The Government established Hanson's three

prior drug offenses and Kentucky felony third-degree residential burglary conviction. On December 10, 2009, Hanson pleaded guilty pursuant to a plea agreement. Per the agreement, the government listed only one prior felony drug conviction under 21 U.S.C. § 851, instead of all three potentially qualifying convictions, and relied in part on Hanson's prior burglary conviction for a lesser recommended sentencing range under the Guidelines.

In the Presentence Investigation Report ("PSR"), the Probation Officer calculated Hanson's total offense level as 34, with a criminal history of VI, for a Sentencing Guidelines range of 262 to 327 months. U.S.S.G. § 4B1.1(c)(3). After conducting a sentencing hearing where the district court heard from both parties, the district court adopted the PSR, sentencing Hanson to 262 months in prison followed by ten years of supervised release. On appeal, Hanson challenges the district court's denial of his collateral challenge to his sentence under 28 U.S.C. § 2255. We conclude that the district court did not commit any reversible errors and affirm.

## DISCUSSION

Hanson argues that the district court erred when it included his third-degree burglary as a crime of violence, enhancing Hanson's status to a career offender. We review the district court's legal conclusions *de novo*. *Hrobowski v. United States*, 904 F.3d 566, 569 (7th Cir. 2018).

Postconviction sentences may be changed if the sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the

maximum authorized by law … ." 28 U.S.C. § 2255(a). "[N]ot every error is corrigible in a post-conviction proceeding, even if the error is not harmless." *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013). Even errors that are not harmless may not be cognizable under a § 2255 proceeding. *Id.*

We have held that "relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)). A defendant may file a § 2255 motion within one year of the latest of four dates, including the date of final judgment and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1) and (3).

Under § 2255(f)(1), a defendant has one year from the final judgment to file a § 2255 motion. This court dismissed Hanson's appeal on August 25, 2010. The conviction became final on November 23, 2010. Hanson failed to file a § 2255 motion within one year. The statute of limitations to file a § 2255 motion for Hanson's final conviction ended on November 23, 2011. Therefore, Hanson's motion under § 2255(f)(1) is untimely.

Alternatively, Hanson argues the Supreme Court in *Mathis* recognized a new right on June 23, 2016, allowing him to file a § 2255 motion by June 23, 2017. However, the Supreme Court

stated in *Mathis* that the rules being applied came from precedent. *Mathis v. United States*, 136 S. Ct. 2243 (2016). "Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements." *Id.* at 2257. Instead, the Supreme Court distinguished between "elements" and "means," where "elements" are "constituent parts" of a crime and "means" are "various factual ways of committing some component of the offense." *Id.* at 2249. Hanson has failed to show that the Supreme Court in *Mathis* intended to create a new rule upon which the statute of limitations may run.

We briefly address Hanson's letter to the court, which confuses the Government's argument that *Mathis* must be declared retroactive *"by the Supreme Court."* Rather, the Government states in its brief: "[n]evertheless, the measuring period begins when the Supreme Court declares a new right, not when the courts acknowledge the right to be retroactive." We understand the Government's position as not requiring the right to be declared retroactive by the Supreme Court, but rather the Supreme Court must declare a new right for the courts to apply retroactivity.

Hanson argues the district court misapplied the career offender enhancement under the advisory Guidelines, resulting in a "miscarriage of justice." Sentencing errors that can be raised on direct appeal are generally not cognizable upon collateral review. Cognizable sentencing errors include sentencing decisions rendered unlawful by a clarification in the law or sentencing decisions that exceed the statutory maxi-

mum. *See Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (granting relief under the pre-*Booker* mandatory guidelines); and *see Welch v. United States*, 604 F.3d 408, 412–13 (7th Cir. 2010) (granting relief for errors in applying the statutory enhancements under the Armed Criminal Career Act).

The Guidelines establish a career offender as a defendant who is "at least eighteen years old at the time he committed the offense of conviction; the offense of conviction must be a felony that is either a crime of violence or a controlled substance offense; and the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A judge uses advisory Guidelines to determine whether the sentencing range is consistent with the appropriate considerations. 18 U.S.C. § 3553(a). Nonetheless, "the judge may not even *presume* that a sentence within the applicable Guidelines range would be proper. [The judge] must first determine whether … the sentencing considerations [comply with] 18 U.S.C. § 3553(a), and if … not [the judge] may not impose it even though it is within the applicable guidelines range." *Hawkins v. United States*, 706 F.3d at 822.

A change in the law revoking the status under the now-advisory Guidelines of "crime of violence" from a prior conviction is not cognizable upon collateral review. *Coleman*, 763 F.3d at 708–09. Here, the government concedes that the Kentucky third-degree burglary statute does not inherently involve "purposeful, violent, and aggressive conduct" of a "crime of violence" as part of the career offender designation. But the district court did not rely solely, or even principally, on

the advisory Guidelines. Instead, it referenced multiple considerations in imposing Hanson's sentence, including the advisory Guidelines, the lengthy PSR, the argument of the parties, and factors set forth in § 3553(a).

While this case directly involves, and is controlled by, our precedent on § 2255, our recent decision in *Chazen* regarding a § 2241 motion is aptly distinguishable here. In *Chazen*, we discussed the statutory enhancement of the Armed Career Criminal Act, which mandated a minimum 15-year sentence for a person with three or more prior convictions for a "violent felony" or "serious drug offense." *Chazen v. Marske*, 938 F.3d 851, 853 (7th Cir. 2019) (citing 18 U.S.C. § 924(e)(1)). Chazen sought relief under § 2241, claiming the district court improperly sentenced him to the enhanced minimum under the statute due to his prior burglary convictions, which were not "violent felonies." We found that "*Mathis* can provide the basis for [a] § 2241 petition … under the Armed Career Criminal Act" because the sentence at issue mandated a minimum sentence of incarceration. *Chazen*, 938 F.3d at 862.

While *Mathis* may provide a basis for awarding habeas relief under 28 U.S.C. § 2241 from an Armed Career Criminal Act sentence as in *Chazen*, the reasoning of *Chazen* does not extend to providing habeas relief from an application of the advisory Guidelines. Here, the district court sentenced Hanson not with mandatory minimums, but with combined considerations from the advisory Guidelines and the appropriate factors. While the Armed Career Criminal Act requires a mandatory minimum of 15 years, a judge must independently determine the sentence based on 18 U.S.C. § 3553(a) factors and

whether the career offender enhancement applies. Therefore, *Chazen* does not afford relief to Hanson.

Hanson claims the district court committed an arguable error in applying the advisory Guidelines that created a miscarriage of justice. *Hawkins* and *Coleman* are controlling here. As in *Hawkins*, the sentence imposed here was based on advisory Guidelines, not mandatory Guidelines or statutory minimums, as in *Chazen* and cases prior to *Booker*. An error that may have occurred in calculating the Guidelines range does not constitute a "miscarriage of justice" when the "sentence is well below the ceiling imposed by Congress." *Coleman*, 763 F.3d at 708 (citing *Hawkins*, 706 F.3d at 824–25).

The difference between the Guidelines range with the burglary compared to the range without the burglary is moot, because the court could have easily relied on the additional drug offenses or other § 3553 factors. The possibility of a different sentence in light of the error is not enough to distinguish this case from *Hawkins* or *Coleman*. There is no reason to believe that the district court would be inclined to revise the sentence based solely on the removal of the third-degree Kentucky burglary charge, considering the additional drug offenses. Therefore, Hanson did not suffer a "miscarriage of justice" and his claim for collateral relief is denied.

## CONCLUSION

We AFFIRM the district court's denial of Hanson's § 2255 motion in favor of respondent-appellee.