**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued June 4, 2020[*]
Decided March 8, 2021

### Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 19-1531

STEVEN R. LISCANO,
    *Petitioner-Appellant*,

*v.*

F. ENTZEL, Warden, FCI Pekin,
    *Respondent-Appellee*.

Appeal from the United States District Court for the Central District of Illinois.

No. 17-cv-1449
Sue E. Myerscough, *Judge*.

### Order

Steven Liscano was sentenced to life imprisonment following his conviction almost 20 years ago for conspiring to distribute more than five kilograms of cocaine. His sentence was enhanced under 21 U.S.C. §841(b)(1)(A) because of two prior drug convictions in Illinois. He did not protest that enhancement in the district court or on appeal. See *United States v. Bustamante*, 493 F.3d 879 (7th Cir. 2007). Nor did he protest it when he filed (and lost) a collateral attack under 28 U.S.C. §2255. See *Liscano v. United States*, 2011 U.S. Dist. LEXIS 79305 (N.D. Ill. July 18, 2011). But in 2017 he raised the issue by

---

[*] Associate Justice Barrett heard argument in this appeal while she was a member of this court. She did not participate in the decision, which is being rendered by a quorum of the panel. 28 U.S.C. §46(d).

seeking a writ of habeas corpus under 28 U.S.C. §2241. The district court dismissed this petition, concluding that §2255(e) forecloses resort to §2241. *Liscano v. Kallis*, 2019 U.S. Dist. LEXIS 229933 (C.D. Ill. Feb. 5, 2019), reconsideration denied, 2019 U.S. Dist. LEXIS 229934 (C.D. Ill. Mar. 1, 2019).

Liscano's §2241 petition rests on *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Court held in *Mathis* that Iowa's burglary statute does not establish a form of generic burglary and therefore does not support a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii). Liscano's sentence was not enhanced under that statute, nor is burglary among his prior convictions, so it is hard to see at first glance how *Mathis* could affect him. But he insists that appearances are deceiving and that the "divisibility" method that *Mathis* used to define the elements of burglary under Iowa law, if applied to the version of the Illinois cocaine statute on the books in 1995, would lead to a conclusion that Illinois law specified an offense that did not meet the federal definition of a cocaine crime.

The district court rejected that argument by holding that *Mathis*, as a statutory-interpretation decision that does not establish anyone's actual innocence of a federal crime, does not apply retroactively on collateral review. Our circuit's decisions about the retroactivity of *Mathis* seem to look in different directions—compare *Chazen v. Marske*, 938 F.3d 851, 861 (7th Cir. 2019), with *Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019)—but we need not revisit that subject today. Liscano's fundamental problem is §2255(e), which precludes use of §2241 unless it "appears that the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." Liscano contends that this condition is satisfied, but that argument does not persuade us.

It is true, of course, that when he was convicted (2003) and sought relief under §2255 (2009), he could not rely on *Mathis*, which was not decided until 2016. But *Mathis* was not exactly a bolt from the blue. It applied the method prescribed by *Taylor v. United States*, 495 U.S. 575 (1990), of identifying burglary by comparing the elements of the state-law crime against those of "generic burglary." If *Mathis* presented any wrinkle, it was the use of divisibility analysis to separate "elements" of the state crime from the "means" of committing those elements. Divisibility analysis was established in this circuit no later than 2009, in *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). Liscano could have relied on *Woods* in his collateral attack under §2255, but he didn't. (He filed the collateral attack before *Woods* was issued, but the proceeding remained pending in the district court for more than a year after *Woods* settled the law in this circuit.)

For that matter, Liscano could have made the same sort of argument at trial and on direct appeal. True, divisibility did not become this circuit's official approach until 2009,

but *Woods* did not overrule a body of contrary precedent. Liscano could have relied on *Taylor* itself and contended that its approach disqualified at least one of his prior convictions. Indeed, he could and should have done that even if there had been contrary precedent in this circuit. A new decision holding that particular primary conduct is not criminal applies retroactively even if a defendant fails to make the right argument at trial. See *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). But arguments that concern the conduct of the trial, or the length of the sentence, must be made at trial and on appeal, even if they go against appellate precedent. *Id*. at 622–23.

Several decisions released after the argument of this appeal emphasize that §2255 cannot be labeled "inadequate or ineffective" unless it suffers from some structural problem that prevents its use to vindicate a legal claim that otherwise would suffice for relief. See, e.g., *Higgs v. Watson*, 984 F.3d 1235, 1239–40 (7th Cir. 2021); *Bourgeois v. Watson*, 977 F.3d 620, 633 (7th Cir. 2020); *Purkey v. United States*, 964 F.3d 603, 614–15 (7th Cir. 2020). Because Liscano could have obtained in 2003 or 2009 a decision on the same line of argument he presents now, we hold that §2255 does not suffer from the sort of structural problem that allows him to invoke §2241.

AFFIRMED