**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL RIOS,

    Defendant - Appellant.

No. 24-6251
(D.C. No. 5:24-CR-00154-J-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.

_____

Michael Rios was sentenced to 480 months' imprisonment after pleading guilty to distributing and possessing child pornography. On appeal he argues the sentence, which exceeds the range of the advisory United States Sentencing Guidelines, is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

# I

## A

The following facts are taken from the Presentence Investigation Report ("PSR").[1] In March 2024, Rios was charged in a three-count indictment with sexual exploitation of children and possession and distribution of child pornography in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B), and 2251A(a)(2), respectively. The conduct supporting the charges was first discovered by Rios's live-in girlfriend in 2022, when she found secretly recorded videos of her then 12-year-old daughter on Rios's cell phone. The ensuing investigation revealed that on multiple occasions, Rios had hidden his phone in the bathroom of their shared house and used it to record his girlfriend's daughter and her 12-year-old friend in the shower.

Further investigation uncovered Rios's activity on Signal[2] group channels dedicated to the distribution of child pornography. Some of the content discovered on his phone involved very young children, including

---

[1] "Although the content of PSRs are generally confidential, consideration of the PSR is appropriate as necessary to provide the factual background for a district court's sentence and to address the arguments for resentencing." *United States v. Coleman*, 763 F.3d 706, 710 at n.** (7th Cir. 2014). We discuss only those facts necessary to explain our decision.

[2] Signal is a free, privacy-focused messaging application that allows users to send and receive end-to-end encrypted text messages, voice notes, images, videos, and other files through a secured transmission.

toddlers, engaged in sexual activity. For example, in January 2024, Rios posted four videos to a private Signal channel titled "Babysex" depicting prepubescent children being raped. Ultimately, the FBI seized thousands of videos and images depicting child pornography from devices belonging to Rios.

B

Pursuant to a plea agreement, the government dismissed the sexual exploitation count, and Rios pled guilty to the possession and distribution counts, each of which carry a maximum sentence of 20 years' imprisonment. The plea agreement includes the following appeal waiver:

> Except as stated immediately below, Defendant waives the right to appeal Defendant's sentence . . . and the manner in which the sentence is determined, including its procedural reasonableness. If the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal the substantive reasonableness of Defendant's sentence.

R. I at 42. Based on a total offense level of 39 and criminal history category I, the PSR calculated the guidelines imprisonment range to be 262 to 327 months (approximately 22 to 27 years). Both parties agreed with the guidelines calculation, and each submitted a sentencing memorandum addressing the factors enumerated in 18 U.S.C. § 3553(a). As explained below, while Rios urged the court to impose a guidelines sentence, the

3

Government requested a 153-month upward variance to the statutory maximum of 40 years (480 months).

In his sentencing memorandum, Rios asked for a sentence within or below the guidelines range. As mitigating factors, Rios pointed to his own history of sexual abuse as a child and his parents' separation when he was 11 years old. Rios argued that an above-guidelines sentence would be greater than necessary to meet the objectives set forth in § 3553(a). A lengthy incarceration, he argued, would be counterproductive to societal goals of healing and rehabilitation, which would be best achieved with comprehensive sexual abuse counseling and monitoring.

Days after Rios filed his brief, the government filed its sentencing memorandum, asking for an above-guidelines sentence of the statutory maximum 480 months or 40 years. To justify this upward variance, the government pointed to (1) the nature and circumstances of Rios's offenses; (2) his history of predatory behavior; (3) the need for the sentence to reflect the seriousness of the conduct; and (4) the need to protect the public from future harm.

Regarding the first factor, the government argued the sheer quantity of the child pornography in Rios's possession (more than 360,000 images) justified an above-guidelines sentence. The government acknowledged Rios's guidelines range already accounted for several enhancements due to

4

the content and number of images. But it urged the court to impose a lengthier sentence, emphasizing that Rios's collection of child pornography was extraordinarily extensive, comprising "600 times the maximum enhancement threshold." R. I at 71.

Next, the government pointed to Rios's history of exploitation and sexual abuse of minors, dating back to allegations that he molested his 11-year-old daughter in 2010. The government acknowledged he was acquitted of those charges but also noted that in a 2024 FBI interview, Rios's daughter reaffirmed her allegations "with remarkable consistency." *Id.* at 55. According to the government, the very same year he was acquitted of the charges concerning his daughter, Rios engaged in an intimate relationship with another teenager. That victim refused to cooperate with law enforcement at the time. But as the government explained, she too later described the nature of the relationship to the FBI, stating in a 2024 interview that she began dating Rios when she was 14 years old and exchanged nude images and videos with him before she was an adult.

Third, the government reminded the court that Rios also had been charged with sexual exploitation based on his secret video recordings of the 12-year-old girls. That charge was dismissed pursuant to the plea agreement. But the government noted that if Rios had been convicted on that charge, the resulting guidelines imprisonment range would have been

840 months' incarceration (70 years). It cited § 5K2.21 of the guidelines, which allows a court to depart upwards "to reflect the actual seriousness of the offense" based on conduct underlying a charge dismissed as part of a plea agreement that did not factor into the guideline calculation. The government claimed these considerations mandated an upward departure or variance so that Rios's sentence would reflect the seriousness of his crimes and promote respect for the law.

Finally, the government urged the court to consider the "most important factor" – the need to protect the public from Rios's predatory behavior. R. I at 72. Given his long history of pedophilia, the government argued Rios posed a great threat to the safety of the community. It argued the statutory maximum was necessary to protect young girls from further victimization.

## C

At a November 18, 2024, sentencing hearing, after hearing arguments from both parties, the court adopted the factual findings and guidelines calculation set forth in the PSR. Ultimately, however, the court concluded that a guidelines sentence was insufficient to reflect the seriousness of Rios's conduct and provide adequate deterrence. It agreed with the government that an upward variance was warranted and sentenced Rios to

40 years' imprisonment (480 months) followed by a lifetime of supervised release.

Rios argues this sentence is substantively unreasonable because it represents an unwarranted sentencing disparity given the nationwide norms for comparable defendants. In support, he offers data from the U.S. Sentencing Commission's Judiciary Sentencing Information ("JSIN") database showing that on average, defendants in his position (i.e., same primary guideline, offense level, and criminal history category) receive sentences of 194 months (approximately 16 years), with a median prison term of 198 months. He argues that "upward variances in these cases are quite rare, and the sentence here is almost two and a half times longer than the typical sentence for such cases." Aplt. Br. at 12. And he claims the district court failed to explain how his conduct "was significantly more awful than the lion's share of other child pornography cases." *Id.* at 14.

The government counters that Rios's argument raises a procedural reasonableness challenge, which is barred by the plea agreement. But even if his challenge does not violate the waiver in his plea agreement, the district court's sentence is reasonable.

## II

### A

First, we address the government's waiver argument. Recall that Rios waived the right to appeal his sentence on procedural grounds but preserved the right to challenge it as substantively unreasonable. The government contends that in attacking the district court's consideration of one of the § 3553(a) sentencing factors – the need to avoid unwarranted disparities – Rios necessarily raises a procedural challenge. We disagree. Arguments based on substantive reasonableness and procedural reasonableness present two distinct types of challenges. But they overlap when, as here, the alleged error concerns the district court's explanation of the § 3553(a) factors. *United States v. Guevara-Lopez*, 147 F.4th 1174, 1183 (10th Cir. 2025). "The district court's explanation implicates both procedural and substantive reasonableness, because that explanation is a procedural requirement and is relevant to whether the length of the sentence is substantively reasonable." *Id.* (internal quotation marks omitted).

This appeal therefore raises more than a procedural challenge. Rios attacks the very nature of his sentence; he argues that because it greatly exceeds the nationwide average, it represents an unwarranted sentencing disparity, and in that regard fails to fairly reflect a key sentencing factor.

*See United States v. Sanchez-Leon,* 764 F.3d 1248, 1268 n.15 (10th Cir. 2014) (explaining that "procedural error is the failure to consider all the relevant factors, whereas substantive error is when the district court imposes a sentence that does not fairly reflect those factors." (internal quotation marks and brackets omitted)).

We also note that his presentation throughout the sentencing phase reveals that he is not raising only a procedural-based challenge. Rios's sentencing memorandum scarcely mentions the need to avoid unwarranted sentencing disparities, and he never presented the JSIN data to the district court. Accordingly, he cannot and does not fault the district court for failing to consider that information.[3] Rather, he argues the unreasonableness of his punishment is evidenced by its dramatic deviation from the nationwide norm. This is a substantive challenge beyond the scope of the appeal waiver. *See Guevara-Lopez,* 147 F.4th at 1184–89 (considering defendant's argument that the district court failed to consider unwarranted sentencing

---

[3] Rios's failure to argue the JSIN data below is puzzling given the Government requested a statutory maximum sentence ten days before the sentencing hearing. But it is not fatal to his appeal. "[A] defendant need not preserve specific arguments or issues to challenge a sentence as substantively unreasonable on appeal." *Guevara-Lopez,* 147 F.4th at 1186, n.7. JSIN data is provided by the Sentencing Commission "specifically for judges to use during sentencing to fulfill their obligations under § 3553(a)(6)," *United States v. Brewster,* 116 F.4th 1051, 1062 (9th Cir. 2024), *cert. denied,* 145 S.Ct. 1148 (2025), and is subject to judicial notice. *United States v. Doty,* 150 F.4th 1351, 1357 (10th Cir. 2025).

disparities suggested by JSIN as a challenge to substantive reasonableness).

### B

"Courts must impose sentences that are sufficient, but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Guevara-Lopez*, 147 F.4th at 1183 (internal quotation marks omitted); *see also* § 3553(a). On appeal, we review sentences "for substantive reasonableness under an abuse-of-discretion standard, looking at the totality of the circumstances." *United States v. Crosby*, 119 F.4th 1239, 1246 (10th Cir. 2024) (internal quotation marks omitted). We do not reverse under this standard unless the sentence is arbitrary, capricious, whimsical, or manifestly unreasonable. *United States v. Cortez*, 139 F.4th 1146, 1153 (10th Cir. 2025). "We uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *United States v. Lucero*, 130 F.4th 877, 887 (10th Cir. 2025) (internal quotation marks and brackets omitted).

### C

In fashioning an appropriate sentence, the district court is required to consider the factors enumerated in § 3553(a). *See Crosby*, 119 F.4th at 1247. The crux of Rios's argument is that his 480-month sentence fails to

10

account for § 3553(a)(6). That factor requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." It is undisputed that Rios received a disparate sentence as measured by JSIN statistics. The data shows that from 2020 to 2024, defendants who shared Rios's applicable guideline (§ 2G2.2), offense level, and criminal history category received on average a sentence of 195 months. The median length of imprisonment imposed on those defendants was 192 months.

The government does not dispute this data but challenges Rios's unwarranted disparities argument on waiver principles that we have already addressed. That leaves the question of whether the JSIN data shows the district court "exceeded the bounds of permissible choice." *United States v. Doty*, 150 F.4th 1351, 1355 (10th Cir. 2025) (internal quotation marks omitted). To answer this question in the context of an upward variance, we "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Guevara-Lopez*, 147 F.4th at 1184 (internal quotation marks omitted). The district court's justification will suffice when it is the product of a permissible methodology and based on "specific, articulable facts." *Id.* And those facts need not be "extraordinary . . . to justify any statutorily

11

permissible sentencing variance, even one as large as 100%." *Lucero*, 130 F.4th at 884 (internal quotation marks and ellipse omitted).

In its Statement of Reasons, the district court articulated four bases for imposing the upward variance: (1) Rios's extensive collection of child pornography and documented history of being a child predator; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) deterrence; and (4) the need to protect children from future harm by Rios. The court elaborated on these reasons at sentencing, paying particular attention to the gravity of Rios's crimes and the need to protect the public. After reading the PSR, the sentencing judge stated he had "never been more disturbed, troubled, and fearful for the public," R. III at 26, and lamented that even the statutory maximum sentence failed to reflect the seriousness of Rios's crimes and the conduct underlying the dismissed charges. The depravity of Rios's offenses, along with his history of sexually abusing children, "led [the court] to conclude that if not stopped, [Rios] will continue to pose great danger . . . to children everywhere." *Id.* at 27. It was in this context that the court decided a "more robust sentence . . . [was] warranted." *Id.* at 28.

Recognizing the district court's superior vantage point in terms of finding facts and judging their importance under § 3553(a), *see Crosby*, 119 F.4th at 1246, we conclude its explanation was sufficient for the

sentence imposed. The court specifically addressed several of the § 3553(a) factors, and with respect to those factors not explicitly discussed, the court assured Rios they had been carefully considered.[4] It is clear the court was chiefly concerned with the seriousness of Rios's offenses, his history of abusing children, and public safety. Under the totality of the circumstances, it was not an abuse of discretion for the court to rely most heavily on those factors and less on potential sentencing disparities. *See Doty*, 150 F.4th at 1356 (explaining that "all of the [§ 3553(a)] factors don't necessarily bear equal weight").

Rios claims error because the district court did not specifically say it had considered the need to avoid unwarranted sentencing disparities. But the court said it had carefully considered *all* the § 3553(a) factors, and we generally take the court at its word in this regard. *United States v. Candelaria*, No. 24-2108, 151 F.4th 1261, 1266 (10th Cir. 2025). Moreover, the court gave due consideration to the advisory guidelines range but found it insufficient to reflect the seriousness of Rios's crimes. Under our case law, a sentencing court's computation and consideration of the guidelines means

---

[4] The court at sentencing: "Now, I don't want you leaving here believing that this Court abandoned its duty to consider all 3553(a) factors. I assure you that I haven't done that." R. III at 27; *see also id.* at 26 ("[T]he court has considered [the § 3553(a)] factors, statements of the parties, the plea agreement, the [PSR], as well as the nature and circumstances of the offense and the history and characteristics of the defendant").

13

it "has necessarily considered whether the sentence imposed would avoid an unwarranted sentencing disparity." *Id.* Finally, although the court eschewed the statutory language, its discussion plainly demonstrates it found any disparity to be warranted. *See United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006) (explaining that the sentencing court is not "required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the [§ 3553(a)] factors." (internal quotation marks omitted)).

## III

Because we do not find Rios's sentence to be an abuse of discretion, the judgment of the district court is AFFIRMED.

Entered for the Court


Richard E.N. Federico
Circuit Judge

14